*In re* GRABINSKI.

1. CRIMINAL LAW—INTOXICATING LIQUORS—STATUTES—CONSTRUC-
   TION—SENTENCE—IMPRISONMENT IN COUNTY JAIL OR PENAL IN-
   STITUTION.
   Under Act No. 3, Pub. Acts 1919, extra session, amending sec-
   tion 51, Act No. 53, Pub. Acts 1919, prohibiting the sale,
   etc., of intoxicating liquors, and providing that one con-
   victed of a violation thereof should be sentenced to a fine
   or imprisonment in a penal institution or in the county
   jail, or to both fine and imprisonment in the discretion of
   the court, a discretion is vested in the trial judge to sen-
   tence to a penal institution as for a felony, or to the
   county jail as for a misdemeanor, but not to both.

2. SAME—DISCRETION OF COURT—SENTENCE TO COUNTY JAIL EX-
   HAUSTS POWER.
   Where the trial judge sentenced one convicted of a violation
   of said act to pay a fine and to be confined in the county
   jail for 60 days, and, in default of the payment of the fine,
   to be confined in the Michigan reformatory for the period
   of six months after the expiration of the 60 days' confine-
   ment, that part of the sentence providing for imprison-
   ment in the Michigan reformatory, *held*, void, since sen-
   tence may not be imposed to be served piecemeal, a part
   in the county jail and another part in a penal institution,
   and in sentencing to the county jail the judge exhausted
   his power as to place of confinement.

Habeas corpus proceedings by John Grabinski to
obtain his release from imprisonment in the Michigan
reformatory at Ionia.   Submitted February 21, 1921.
(Calendar No. 29,594.)   Prisoner discharged March
9, 1921.

*Richard L. Newnham,* for plaintiff.

*Merlin Wiley,* Attorney General, *James A. Greene,*
Assistant Attorney General, and *Cornelius Hoffius,*

Prosecuting Attorney of Kent county, for defendant warden.

WIEST, J. On the 19th day of November, 1920, John Grabinski was convicted, in the circuit court for the county of Kent, of a violation of the liquor law, and on the same day sentenced by the court to pay a fine of $1,000 and to be confined in the common jail for the county of Kent for the period of 60 days, and in default of the payment of the fine to be confined in the Michigan reformatory, at Ionia, for the period of 6 months after the expiration of the 60 days' confinement in the common jail. The sentence also contains a commitment of John Grabinski to the common jail for Kent county for the period of 60 days from and including the day of sentence. Under such sentence and commitment he was imprisoned in the Kent county jail for 60 days. On January 17, 1921, the clerk of the Kent circuit court, without any further court order, so far as the record discloses, issued a warrant under the seal of the court, directed to the sheriff of the county of Kent, reciting the fact of plaintiff's conviction and sentence thereon to the Michigan reformatory for the period of 6 months from the date of sentence, commanding the sheriff to remove plaintiff from the county jail and convey him to the Michigan reformatory. With this warrant of removal went a certified abstract of the sentence. The sheriff removed plaintiff from the county jail to the Michigan reformatory where he is now imprisoned under the sentence of November 19, 1920. Upon plaintiff's application a writ of habeas corpus issued, directed to the warden of the Michigan reformatory, to inquire into the cause of his detention in that institution; and a writ of certiorari was issued to the clerk of Kent county to bring before this court the record of the conviction and sentence. Plaintiff claims that he is

illegally confined in the Michigan reformatory, for the reason that the court having sentenced him to imprisonment in the county jail could not also sentence him to imprisonment in the Michigan reformatory.

The statute under which plaintiff was convicted and sentenced, Act No. 53, Public Acts 1919, as amended by Act No. 3, Public Acts 1919, extra session, provides that:

"Any person, who, himself or by his clerk, agent or employee, shall violate any of the provisions of this act, * * * shall be deemed guilty of a felony, and upon conviction thereof be sentenced to pay a fine of not more than one thousand dollars and the costs of prosecution, or to imprisonment in the State prison, Michigan reformatory, or the Detroit house of correction, for a period of not less than six months nor more than one year, or by imprisonment in the county jail for not less than thirty days, nor more than one year, or by both fine and imprisonment in the discretion of the court." * * *

This statute vests a discretion in the court as to the place of imprisonment, to be exercised at the time of sentence. The court had a right to sentence plaintiff to be imprisoned in the county jail, and did so, and such sentence has been served. The question is, therefore, whether the court, under this statute, could also sentence him to be imprisoned in the Michigan reformatory for an additional period or term of 6 months. The industry of counsel for the people has furnished us with no reference to any precedent for such sentence.

In the case of *People, ex rel. Gately,* v. *Sage,* 13 App. Div. 135 (43 N. Y. Supp. 372), the respondent was sentenced to imprisonment in the State prison for the term of 5 years and to pay a fine of $730, and in default of the payment of the fine to be further imprisoned in the State prison until the fine be paid, not exceeding 730 days in addition to the term of 5 years.

It was there urged that the imprisonment for the default in payment of the fine could only be directed in the county jail. This raised the converse of the question here presented. Under the New York statute imprisonment was authorized to be in the State prison. The court stated:

"I can find no provision of law, before the code of criminal procedure, prescribing where imprisonment for default in the payment of fines, either in the case of felonies or misdemeanors, should be ordered. As far as I have been able to ascertain, the practice has been uniform, where there has been imposed both imprisonment and fine, to direct the imprisonment, in default of the payment of the fine, to continue in the same prison,—that is to say, where the imprisonment was in the State prison, the defendant was directed to stand committed in that prison. There is no provision to be found in the code of criminal procedure directing the return of a prisoner convicted of a felony, and sentenced to both fine and imprisonment, from the State prison to the county jail, for default in the payment of his fine,—a provision which, I think, would not be wanting had such a course been contemplated by the codifiers."

The amendment made at the extra session of the legislature in 1919 was intended to vest a discretion in the court and permit sentence to a penal institution or the county jail, but not to both. When the circuit judge sentenced plaintiff to the county jail, he exercised the discretion reposed in him by law to consider the case as one demanding imprisonment as for a misdemeanor rather than a felony, and he could not make the sentence, one part as for a misdemeanor and another part as for a felony. We think the governing rule to be that, when a crime punishable by fine and imprisonment in a penal institution of the State is also made punishable by fine and imprisonment in a county jail, in the discretion of the court, the discretion exercised must adopt the one method or the other of pun-

ishment and the court cannot sentence that a part of the imprisonment be in the county jail and another part thereof in a penal institution; and that the exercise of discretion by adoption of the county jail as the place of imprisonment in the first instance makes that place the only place of imprisonment for all parts of the sentence. Having exercised the discretion by way of sentence to the county jail the action of the court makes the matter of punishment stand for all intents and purposes as imprisonment for a misdemeanor.

When a prisoner is sentenced to a designated prison, and is there confined under sentence, power of the court has been exercised and is exhausted so far as place of confinement is concerned. There is no statute or precedent so far as we can find allowing the court to sentence a prisoner to imprisonment in a designated jail or prison for a part of the punishment and to another jail or prison for another part.

We must hold that the circuit court had a right to sentence plaintiff to imprisonment in the county jail and there imprison him in default of the payment of the fine imposed, but not to sentence him to the county jail for imprisonment and from there to the Michigan reformatory for imprisonment in default of the payment of the fine. Sentence must not be imposed to be served piecemeal, a part thereof in a county jail and another part in a penal institution. See *People* v. *Felker*, 61 Mich. 110; *In re Lamphere*, 61 Mich. 105.

The sentence to the Michigan reformatory is void and plaintiff is discharged.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred. BIRD, J., did not sit.