[Crim. No. 191.   Department One.—February 15, 1897.]

THE PEOPLE, Respondent, *v.* EUGENE BOSQUET, Appellant.

Criminal Law—Leaving Married Woman in House of Prostitution —Consent of Husband — Constitutional Law — Due Process of Law.—The act of March 31, 1891 (Stats. 1891, p. 288), entitled, "An act to prevent the placing or keeping or leaving of married women in houses of prostitution, and to punish persons therefor," in so far as it purports to punish the connivance, consent, or permission of the husband to the placing or leaving of his wife in a house of prostitution, does not deprive the husband of his liberty without due process of law, and is not violative of section 13 of article I of the constitution.

Id.—Evidence of Consent—Omission to Object—Instruction.—Where there is evidence showing a failure of the husband to object to his wife being in a house of prostitution, with full knowledge of all of the facts, it being his duty to object thereto, consent may properly be inferred from such omission; and it is proper to instruct the jury that they "must be satisfied by the evidence, beyond all reasonable doubt, that he allowed or permitted her to remain in a house of prostitution, by some act or declaration or omission of his; that is, that she was in a house of prostitution by his consent."

Id.—Evidence — Cross-examination — Foundation for Impeachment— Contradictory Statement—Certainty as to Circumstances—Identification of Occasion—Indefinite Time. —In laying the foundation on cross-examination for impeachment of a witness by proof of a statement made at another time inconsistent with the testimony of the witness, the time and place of the conversation, and the person with whom it was had, should be specified with sufficient definiteness to enable the witness clearly to identify the occasion and the person to whom the statement was made, but if the circumstances stated in the question are such as to describe the occasion with reasonable certainty, the time stated need not be exact, but where it is stated as "about three months ago," or "within the last five months," it is sufficiently explicit as to time to justify the contradiction of the witness.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a motion in arrest of judgment and from an order denying a new trial.   A. C. HINKSON, Judge.

The facts are stated in the opinion.                    :

*E. C. Hart,* and *C. T. Jones,* for Respondent.

The portion of the statute of 1891, under which defendant was convicted, violates the constitution, in that it makes a mere conviction, act or operation of the mind, criminal.   (Const., art. I, sec. 13.)   Where the evidence is circumstantial it must preclude every other reasonable hypothesis but that of guilt.   (1 Greenleaf on Evidence, sec. 13; *People* v. *Shuler,* 28 Cal. 490; *People* v. *Strong,* 30 Cal. 151; *People* v. *Lachanais,* 32 Cal. 433; *Newman* v. *State,* 26 Ga. 633.)   The time of the supposed statement of Lucy Bosquet was not stated with sufficient certainty to impeach her testimony, and no mention was made of persons present.   (Code Civ. Proc., sec. 2052; 1 Greenleaf on Evidence, sec. 461; *People* v. *Devine,* 44 Cal. 452; *People* v. *Smallman,* 55 Cal. 185; Thompson on Trials, sec. 492, and cases cited.)

*W. F. Fitzgerald, Attorney General,* and *C. N. Post, Deputy Attorney General,* for Respondent.

The statute under which defendant was convicted is not unconstitutional.   (Webster's Dictionary, tit. "Due Process of Law"; *Dartmouth College* v. *Woodward,* 4 Wheat. 519; *Ex parte Andrews,* 18 Cal. 678; *Cohen* v. *Wright,* 22 Cal. 321; *In re Linehan,* 72 Cal. 116; *Ex parte Smith,* 38 Cal. 702; *Cheek* v. *Commonwealth,* 71 Ky. 359; *Thatcher* v. *State,* 48 Ark. 60; *King* v. *People,* 83 N. Y. 587; *Barnesciotta* v. *People,* 10 Hun, 137; *Jacobowsky* v. *People,* 6 Hun, 524; *Commonwealth* v. *Harrington,* 3 Pick. 26; *Rex* v. *Williams,* 1 Salk. 383; *Commonwealth* v. *Lewis,* 1 Met. 153.)   The jury passed upon the weight of the evidence, and there is sufficient evidence to sustain the verdict.   (*People* v. *Wong Chong Suey,* 110 Cal. 117; *Peo-*

ple v. Freeman, 92 Cal. 359; People v. Ah Jake, 91 Cal.
98; People v. Estrada, 53 Cal. 600; People v. Dick, 32 Cal.
214.)

SEARLS, C.—Defendant was informed against in the
county of Sacramento, under a statute approved March
31, 1891, entitled, " An act to prevent the placing or
keeping or leaving of married women in houses of
prostitution, and to punish persons therefor." (Stats.
1891, p. 285.) He pleaded not guilty, and upon a trial
was convicted. He thereupon moved in arrest of judg-
ment and also for a new trial, both of which motions
were denied, and defendant was sentenced to five years
imprisonment in the state prison. Defendant appeals
from the judgment and from the orders above specified.

The statute above referred to and upon which the
prosecution is based reads as follows:

" SECTION 1. Any man who by force, fraud, intimi-
dation, threats, persuasion, promises, or any other
means, places or leaves, or procures any other person,
or persons to place or leave, his wife in a house of
prostitution, or connives at, consents to, or permits the
placing or leaving of his wife in a house of prostitution,
or allows or permits his wife to remain therein, shall be
guilty of a felony, and on conviction thereof shall be
imprisoned in the state prison for not less than three
years nor more than ten years."

" SEC. 2. In all prosecutions under this act the wife
shall be a competent witness against the husband."

The first point made by appellant for reversal is, that
that portion of the statute of March 31, 1891, which
permits a conviction of a husband for felony "for con-
niving at, permitting, or consenting to the placing or
leaving of his wife in a house of prostitution" is in
violation of section 13 of article I of the constitution,
" in that it deprives a man of his liberty without due
process of law. It makes criminal a mere conviction,
act, or operation of the mind."

Section 20 of our Penal Code only enunciated a fam-

iliar principle of law when it declared that, "In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence."

The *connivance, consent, permission* of the husband, spoken of in the statute, are used to characterize the substantive act of the wife in being, remaining, or living in a house of prostitution. The fact of the wife being in a place of that character is the central and essential fact or predicate, just as in murder the death of the person charged to have been murdered is an essential fact. This being admitted or proven, the consent, permission, or connivance of the defendant is to be proven by such declarations, acts, or omissions as outwardly manifest the intention.

We fail to appreciate the force of appellant's objection, or to see any violation of the constitutional provision referred to in the informationagainst, trial, and conviction of the defendant.

It is next urged that the court erred in adding the words inclosed in parenthesis to the following instruction asked by defendant and given with such addition by the court:

"Even though the testimony should show that the defendant was married to Lucie Bosquet, his wife, and that she is a prostitute and lived in a house of prostitution, that is not enough of itself to warrant his conviction on this charge, but you must be satisfied by the evidence beyond all reasonable doubt that he allowed or permitted her to be placed in or to remain in a house of prostitution by some act or declaration (or omission) of his; that is, that she was in a house of prostitution by his consent."

The pith of the instruction is contained in the last sentence, viz: That is, *that she was in a house of prostitution by his consent.* Now consent may be evinced in a variety of ways.

A failure to object to a transaction with a full knowledge of all the facts and circumstances, and where it becomes the duty of one to dissent, although *an omis-*

*sion,* is evidence from which consent may properly be inferred.

There was ample evidence in the case to give point to the instruction as modified, and hence we think it was proper.

The instructions on the part of the defendant are too lengthy to be repeated here. They were full, explicit, and quite as favorable to the defendant as the facts warranted. It is further urged by appellant that "the trial court erred in permitting the prosecution to impeach the testimony of Lucy Bosquet under an insufficient foundation."

Lucy Bosquet was the wife of the defendant and was a witness in his behalf. She testified that she lived in a house of prostitution at 229½ L street, Sacramento, which she rented, and in which she plied her vocation as a prostitute; that she had followed that business prior to her marriage to the defendant; that she had promised to reform, but preferred to follow her former calling; that her husband always objected to her doing so, never in any way consented thereto; that he expostulated with her as to her meretricious conduct, and much more to the same effect. Upon cross-examination counsel for the prosecution put to her the following question: "You remember of telling her [Amelie De Longe of whom she had spoken] at one time in a conversation on L street, in this city [Sacramento], about three months ago— within the last five months—that Eugene was very good to you, that he wanted you to live in the crib six or seven months more, or six or seven months longer, in order that you could earn money enough for he and you to go to Paris?" To this question she answered: "No, I never said that to anybody."

In rebuttal Amelie De Longe was called, and in answer to the question put to Lucy Bosquet answered that the latter did so state to her, the said Amelie, at the time and place mentioned.

Was the foundation sufficient? Section 2052 of our Code of Civil Procedure enunciates the rule as it pre-

viously existed in this state and most of the states of the Union.

It is in part as follows: " A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be done the statements must be related to him, with the circumstances of times, places, and persons present, and he must be asked whether he made such statements, and, if so, allowed to explain them."

The time and place of the conversation, and the person with whom had, should be specified with sufficient definiteness to enable the witness clearly to identify it. The identification of the occasion and the person to whom the statement is made are of prime importance indirecting the attention of the witness to the subject matter. (*Standard Oil Co.* v. *Van Etten,* 107 U. S. 325; *Koehler* v. *Buhl,* 94 Mich. 496; *People* v. *Devine,* 44 Cal. 452; *Birch* v. *Hale,* 99 Cal. 299.)

In *People* v. *Turner,* 65 Cal. 540, the question was: "Did you not state in the month of September, in the presence of William Knowles and James Robinson, on the way between town here and the racetrack, that you would go into court?" etc., and it was held the question was sufficiently definite to lay the foundation for an impeachment of the witness.

If the circumstances stated in the question are such as to describe the occasion with reasonable certainty, a variance as to the time has been held unnecessary. (Jones on Evidence, sec. 849.) In *Nelson* v. *Iverson,* 24 Ala. 9, 90 Am. Dec. 442, where the time was designated as in the spring of a given year, when it was in fact February, it was held sufficient.

In *Lawler* v. *McPheeters,* 73 Ind. 577, it was held that where the impeaching witness could not recollect the date, that it was sufficient that he was about to speak of the declaration or conversation to which the attention of the principal witness had been called.

In the present case the question put to the principal witness was accurate and explicit as to the statement

made; the person to whom made; the place where made, and we think sufficiently explicit as to time to entitle the prosecution to contradict the statement by the witness.

The evidence was conflicting. Both defendant and his wife, while admitting that the latter lived in a house of prostitution, denied that it was by the procurement or consent of the former. On the other hand, there was sufficient testimony on the part of the prosecution, if credited by the jury, as it must have been, to warrant the verdict as rendered.

Finding no reversible error in the record, we recommend that the judgment and orders appealed from be affirmed.

Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

Harrison, J., Van Fleet, J., Garoutte, J.