(April 7, 1921.)

STATE, Respondent, v. E. M. GOODRICH, Appellant.

[196 Pac. 1043.]

CRIMINAL LAW—IMPEACHMENT OF WITNESSES—JUDGMENT.

1. Where it is sought to impeach a witness by showing that his reputation for truth and veracity is bad, the time toward which the question is directed is that of the trial. Whether or not the evidence offered is too remote to be of any probative value is addressed to the discretion of the trial court.

2. When the reputation of a witness for truth and veracity has been assailed, greater latitude as to time should be allowed in supporting the reputation of the witness in rebuttal than is allowed in attacking his reputation.

3. When it is sought to show the bias of a witness by proof of his declarations, such evidence should be considered as impeaching in character and should be governed as to the method of its production by C. S., sec. 8039.

4. A judgment in a criminal case imposing sentence of imprisonment, and also fine and costs, may further provide that

---

1. Admissibility of reputation of witness at former residence to impeach his testimony, see note in 12 Ann. Cas. 395.

As to whether the fact that a witness' testimony is contradicted by opposing testimony warrants the introduction of evidence of his reputation for truth and veracity, see note in 12 L. R. A., N. S., 364.

3. Necessity of laying foundation before discrediting witness by showing bias, see note in 20 Ann. Cas. 224.

in default of payment of the fine and costs the defendant shall be confined in the county jail at the rate of one day for each two dollars of the amount of the fine and costs remaining unpaid.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Conviction for selling and disposing of intoxicating liquor for beverage purposes. *Affirmed.*

Perky & Brinck and C. H. Edwards, for Appellant.

Improper rehabilitating evidence was admitted after impeachment of state's witness Simmons, by testimony of his reputation at residence abandoned three years before trial. (*Fisher v. Conway,* 21 Kan. 18, 125, 30 Am. Rep. 419; *McGuire v. Kenefick,* 111 Iowa, 147, 82 N. W. 485; *Watkins v. State,* 82 Ga. 231, 14 Am. St. 155, 8 S. E. 875; *State v. Potts,* 78 Iowa, 656, 43 N. W. 534, 5 L. R. A. 814; *Sun Fire Office v. Ayerst,* 37 Neb. 184, 55 N. W. 635; *Swanson v. Andrus,* 84 Minn. 168, 87 N. W. 363, 88 N. W. 252; *Lindsey v. Bates,* 223 Mo. 294, 122 S. W. 682; *Smith v. Hine,* 179 Pa. St. 203, 36 Atl. 222; *Keator v. People,* 32 Mich. 484; *Chance v. Indianapolis etc. Road Co.,* 32 Ind. 472; *Young v. Commonwealth,* 6 Bush (Ky.), 312.)

Improper impeachment of appellant's witness, Coffman, was permitted without laying foundation. (*Taylor v. United States,* 89 Fed. 954, 32 C. C. A. 449; *State v. Deputy,* 3 Penne. (Del.) 19, 50 Atl. 176; *Gardner v. State,* 81 Ga. 144, 7 S. E. 144; *Singer Sewing Machine Co. v. Phipps,* 49 Ind. App. 116, 94 N. E. 793; *State v. Small,* 26 Kan. 209; *Horner v. Commonwealth,* 19 Ky. Law Rep. 710, 41 S. W. 561; *Davis v. State,* 51 Neb. 301, 70 N. W. 984; *In re Craven's Will,* 169 N. C. 561, 86 S. E. 587; *Galveston etc. Ry. Co. v. La Prelle,* 22 Tex. Civ. 593, 55 S. W. 125; *Sexton v. State,* 13 Ala. App. 84, 69 So. 341; *Blanchard v. Blanchard,* 191 Ill. 450, 61 N. E. 481; *Hoagland v. Mod-*

*ern Woodmen of America,* 157 Mo. App. 15, 137 S. W. 900;
*State v. Stewart,* 11 Or. 52, 238, 4 Pac. 128; *Pfeiffer v.
Chicago & M. E. R. Co.,* 163 Wis. 317, 156 N. W. 952;
*People v. Mallon,* 116 App. Div. 425, 101 N. Y. Supp. 814;
Thompson on Trials, secs. 453, 475; 12 Cyc. 912; *People v.
King,* 23 Cal. App. 259, 137 Pac. 1076; Moore on Facts,
secs. 1040–1043.)

Erroneous judgment was entered as to imprisonment for
nonpayment of fine. (*In re Rosenheim,* 83 Cal. 388, 23
Pac. 372; *People v. Hamberg,* 84 Cal. 468, 24 Pac. 298;
*People v. Brown,* 113 Cal. 35, 45 Pac. 181; *Roberts v.
Howells,* 22 Utah, 389, 62 Pac. 892; *Reese v. Olsen,* 44
Utah, 318, 139 Pac. 941.)

Roy L. Black, Attorney General, and Dean Driscoll, J. L.
Boone and Alfred Stone, Assistants, for Respondent.

Greater latitude should be allowed in supporting than
in attacking the character of a witness, and for that reason
the supporting evidence is not confined to the same neigh-
borhood or to the same time spoken of by the impeaching
witness. It is permissible to prove the character of the
impeached witness years previously and in a different place
in which he had resided. (40 Cyc. 2648; *Morss v. Palmer,*
15 Pa. St. 51; *Chess v. Chess,* 1 Penr. & W. (Pa.) 32, 21
Am. Dec. 350; *Dimmick v. United States,* 135 Fed. 257, 70
C. C. A. 141; *White v. State,* 82 Tex. Cr. 286, 199 S. W.
1117.)

Interest or bias of a witness may be shown by independ-
ent testimony without the necessity of cross-examining such
witness thereon. (*City of Aurora v. Scott,* 82 Ill. App.
616; *People v. Mallon,* 116 App. Div. 425, 101 N. Y. Supp.
814; *Morgan v. Wood,* 24 Misc. Rep. 739, 53 N. Y. Supp.
791; *Trinity County Lumber Co. v. Denham* (Tex.), 29
S. W. 553; *Burnaman v. State,* 70 Tex. Cr. 361, 159 S. W.
244, 46 L. R. A., N. S., 1001.)

The requirements of sec. 8039, C. S., were properly met
and complied with. (2 Wigmore on Evidence, sec. 1029;
*Gibson v. Seney,* 138 Iowa, 383, 116 N. W. 325; *State v.*

*Gray,* 43 Or. 446, 74 Pac. 927; *State v. Ellsworth,* 30 Or. 145, 47 Pac. 199.)

One convicted of a misdemeanor may be required to pay the maximum fine and suffer the maximum imprisonment, and the judgment may direct the imprisonment of defendant at two dollars per day until the fine is paid. (*State v. Anderson,* 31 Ida. 514, 174 Pac. 124.)

RICE, C. J.—Appellant was convicted of having wilfully and unlawfully sold and disposed of intoxicating liquor for beverage purposes.

To rebut testimony admitted on behalf of appellant that the reputation of respondent's principal witness for truth and veracity was bad, respondent was permitted to introduce testimony to the effect that the reputation of the witness for truth and veracity at the place where he had resided some three years previous to the trial was good. Appellant contends that the reception of this evidence was error, since the time was too remote to give it probative value.

The reputation of a witness for truth and veracity at the time of the trial is the question toward which the evidence is directed. (*Fisher v. Conway,* 21 Kan. 18, 30 Am. Rep. 419.) Whether or not the offered evidence is too remote to be of probative value is addressed to the discretion of the trial court. (*Snow v. Grace,* 29 Ark. 131.) It would be impossible to state a rule of law which would be applicable in all cases. (*Lindsey v. Bates,* 223 Mo. 294, 122 S. W. 682.) It has also been held, and we think properly, that greater latitude should be allowed in supporting than in attacking the character of a witness. (40 Cyc. 2648.) As was stated in the case of *Dimmick v. United States,* 135 Fed. 257, 70 C. C. A. 141: "The prosecution could not be limited to the years testified to by the witnesses on the part of plaintiff in error. It had the right, after introducing testimony to the effect that his reputation was good during the years when it had been assailed by the other side, to

show what his reputation had been in previous years. The limit placed upon time as to reputation is usually confined to a reasonable period with reference to the time when it is called in question. A man's reputation may change as years go by, but when assailed for a period of time he has the right not only to show that it was good during those years, but had always been good."

The court permitted the witness Frank Bowers in rebuttal to answer the following question: "What conversation took place between you and Mr. Coffman [witness for appellant] . . . . in regard to your coming down here to testify and impeach Dave Simmons, that part of your conversation?"

Objection was made on the ground that no foundation had been laid to the question as an impeaching question, and that it was hearsay. The court treated it as not impeaching, but as direct evidence tending to show the interest or bias of the witness Coffman. The position of the trial court finds support in the cases of *O'Neill v. City of Lowell,* 6 Allen (Mass.), 110; *Day v. Stickney,* 14 Allen (Mass.), 255. We think, however, that where it is sought to show the bias of a witness by proof of his declarations to that effect, the evidence should be considered as impeaching in character, and should be governed as to the method of its production by C. S., sec. 8039. There is the same reason for calling the witness' attention to his former statements, with opportunity to explain them, as there is with reference to any other statement made concerning which he has testified. (*Baker v. Joseph,* 16 Cal. 173; *People v. Mallon,* 116 App. Div. 425, 101 N. Y. Supp. 814.)

In the case at bar, however, prejudicial error was not committed. The witness Coffman had been asked if he had not approached Frank Bowers and asked him if he knew anything against Dave Simmons, and that if he did know anything, that he (Coffman) would pay him well. The witness stated that he had asked Bowers if he knew anything about Simmons for truth and veracity, but that Bowers said he did not, and the witness denied that he offered to pay

him anything. It is clear from the record that there was but one such conversation. Coffman, therefore, had his attention directed to the particular conversation, and had an opportunity to explain the same. The time and place of the conversation, and the person with whom had, should be specified with sufficient definiteness to enable the witness to clearly identify it. The identification of the occasion and the person to whom the statement is made are matters of prime importance in directing the attention of the witness to the subject matter. (*People v. Bosquet*, 116 Cal. 75, 47 Pac. 879.) Since Coffman showed by his answer that his attention had been directed to the occasion of the conversation and the person with whom it was had, and also that he was familiar with the subject matter, the requirements for which the statute was enacted had been met and no prejudicial error results from the failure to completely lay the foundation in the statutory method. (*Gibson v. Seney*, 138 Iowa, 383, 116 N. W. 325; *State v. Gray*, 43 Or. 446, 74 Pac. 927; *State v. Ellsworth*, 30 Or. 145, 47 Pac. 199.)

Appellant also complains that the judgment is erroneous, in that in addition to imposing a sentence of imprisonment, and fine and costs, it further provided that in default of payment of the fine and costs the appellant shall be confined in the county jail at the rate of one day for each two dollars of the amount of the fine and costs remaining unpaid.

This question was considered and decided adversely to the contention of appellant in the case of *State v. Anderson*, 31 Ida. 514, 174 Pac. 124. We have carefully re-examined the matter and are satisfied that the California and Utah cases to the contrary should not be followed and that the conclusion reached in the Anderson case was correct. In this connection it is proper to suggest, however, that the correctness of the statement in the Anderson case that an execution cannot issue to recover a fine and costs upon a judgment which imposes a sentence both of imprisonment and fine and costs is doubted.

We have examined the other specifications of error, and consider them to be without merit.

The judgment will be affirmed.

Budge and Lee, JJ., concur.

Dunn, J., concurs in the conclusion.

McCarthy, J., being disqualified, took no part in the opinion.