(13 App. Div. 135.)

### PEOPLE ex rel. GATELY v. SAGE.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

1. CRIMINAL LAW—SENTENCE—IMPRISONMENT AND FINE.
    Pen. Code, § 221, providing for "imprisonment in a state prison for a term not exceeding five years or a fine not exceeding $1,000 or both," authorizes imprisonment for nonpayment of the fine imposed, in addition to the maximum term of absolute imprisonment. 41 N. Y. Supp. 531, affirmed.

2. SAME—CONFINEMENT IN STATE PRISON.
    A court, in sentencing a defendant to the state prison and to pay a fine, may impose imprisonment in the state prison in default of payment of the fine, since Code Cr. Proc. § 488, providing that where the judgment is imprisonment in the county jail, or fine and imprisonment until it is paid, "the judgment must be executed by the sheriff of the county" in which conviction was had, applies only to cases where fine, or fine and imprisonment in the county jail, is the only penalty imposed. 41 N. Y. Supp. 531, reversed.

Appeal from Westchester county court.

Application by Frank Gately for a writ of habeas corpus to Omar V. Sage, warden of the state prison at Sing Sing, to inquire into the legality of relator's imprisonment. From a final order of the county judge discharging the relator (41 N. Y. Supp. 531), respondent appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Foster L. Backus, for appellant.

Francis Larkin, for respondent.

CULLEN, J.  On the 30th day of December, 1892, on a conviction for assault in the second degree, in the court of sessions in Kings county, the relator was sentenced to be imprisoned in the state prison at Sing Sing for the term of 5 years, and to pay a fine of $730, and in default of the payment of said fine it was adjudged that he be further imprisoned in said state prison until said fine be paid, not exceeding 730 days, in addition to said term of 5 years.  By allowance for good conduct, the relator's term of imprisonment was reduced so that it expired on the 30th day of July, 1896.  He failed to pay his fine, and for such failure the appellant continued to hold him in confinement.  Thereupon the relator sued out a writ of habeas corpus, returnable before the county judge of Westchester county. On the return of such writ the relator was discharged.  From the order discharging the relator, this appeal is taken.

On the hearing on the writ before the county judge, the relator contended that he could not be imprisoned for nonpayment of his fine for any time beyond the maximum term of imprisonment which the court was permitted by statute to impose on his offense, and which in fact it did impose in his case.  We think this objection is without substantial merit, and requires no extended discussion.  By section 221 of the Penal Code, assault in the second degree is punishable by imprisonment in a penitentiary or state prison for a term not exceeding five years, or by a fine of not more than $1,000, or both.  The provision that the term of imprisonment shall not exceed five years applies only to the term of absolute imprisonment which the defendant must necessarily undergo, and not to imprisonment to which he is subjected as a means to compel him to pay the fine.  It has always been the practice to enforce the payment of a fine, when imposed as a punishment for crime, by a direction that the defendant stand committed until the fine be paid.  In fact, it may be questioned whether there are any other means by which to collect a fine.  In Rex v. Woolff, 1 Chit. 401, it was held that a writ of levari facias could issue against the defendant's property, though it appeared that for a precedent for such a writ it was necessary to go back for 150 years.  Mr. Archbold, in his work on Criminal Pleading and Practice (page 205), intimates that such a writ can be issued by the court of king's bench alone.  I cannot find in this state that any process against property has been issued for the collection of a fine.  The revisers recommended to the legislature certain provisions for the docketing as an ordinary judgment of a sentence to pay a fine, and for the issue of execution thereon (3 Rev. St. [2d Ed.] p. 850) against the property, but these provisions were not adopted.  In Kane v. People, 8 Wend. 203, the chancellor, in his opinion, states that the writ of levari facias could be issued. The concurring opinion of Senator Seward does not proceed on that

ground.    In Colon v. Lisk (not yet officially reported) 43 N. Y. Supp.
364, Judge Hatch discusses the question whether the collection of a
fine can be enforced out of property.    However this question may be
determined, it is certain that imprisonment is substantially the only
means adopted by the courts to compel the payment of a fine.    This
is recognized by the codifiers in their report of the present Code of
Criminal Procedure.    In the note to section 549 (present section
484) they state that a sentence that the defendant stand committed
until the fine be paid was then virtually a sentence of perpetual im-
prisonment, unless the fine be either paid or remitted.    This is now
modified by the provision of the section cited,—that the imprison-
ment cannot exceed more than one day for every dollar of the fine.
The provision of section 221 of the Penal Code is that the crime is
punishable by fine, imprisonment, or both.    If the judgment cannot
direct that the defendant stand committed, after the expiration of
five years, till the fine be paid, the provision that he may both be
imprisoned for five years and fined $1,000 is rendered nugatory.
This claim was, therefore, properly overruled by the county judge.

   The learned county judge, however, was of opinion that, while the
defendant might be imprisoned for default in the payment of his fine,
such imprisonment could only be directed in the county jail.    This
opinion he based on the language of section 488, Code Cr. Proc.:

"When the judgment is imprisonment in a county jail, or a fine and that the
defendant be imprisoned until it be paid, the judgment must be executed by the
sheriff of the county.    In all other cases when the sentence is imprisonment, the
sheriff of the county must deliver the defendant to the proper officer in execution
of the judgment."

   In this view he is supported by the decision of the supreme court
of California in Ex parte Arras, 78 Cal. 304, 20 Pac. 683, where it
was held that the defendant could not, for default in payment of
his fine, be further imprisoned in the state prison.    I think the
language of this section—that the judgment be executed by the
sheriff—can be entirely satisfied by confining its application to cases
where the only sentence imposed on the defendant is a fine, or fine
and imprisonment in the county jail.    Previous to the Code of
Criminal Procedure, I can find no statute prescribing where a de-
fendant should be imprisoned in default of the payment of a fine.
At common law, all felonies, except two, according to Sir James
Stevens,—petit larceny and mayhem,—were punishable by death.
To these exceptions Mr. Bishop adds a third,—rape.    Misdemean-
ors were punishable by fine and imprisonment, as also by corporeal
punishment.    Though fines were often very large, sentences of im-
prisonment rarely exceeded the term of two years.    All serious
crimes being thus capital, and no long terms of imprisonment being
prescribed for offenses, there were no institutions like state prisons
in England until comparatively recent times.    As the law became
more humane, the punishment for many felonies was reduced from
death to transportation, and, after the colonies protested against
the reception of criminals, finally prisons for convicts sentenced to
long terms of penal servitude were established.    It thus happened
that, until a recent period, there were in that country nothing but

common jails for the detention of convicts and persons accused of crime alike, with a few exceptions, such as the House of Correction in Middlesex, the Tower, etc. Fines being only imposed in cases of misdemeanor, and there being no other prisons or jails than those of the character stated, in default of the payment of such fine, defendants were sentenced to stand committed in these prisons. Early in this state the punishment for felonies was reduced, and for such crimes punishment by fine, either alone or in addition to imprisonment, was authorized by statute, and state prisons established. By section 13, c. 29, p. 410, Rev. Laws 1813, it was enacted that in the case of any felony, the punishment whereof was not provided, the court might impose a fine in addition to imprisonment. A similar provision is to be found in the Revised Statutes (2 Rev. St. p. 700, § 13), and the law for imposing fines in cases of felony has been carried still further in the present Penal Code. As already stated, I can find no provision of law, before the Code of Criminal Procedure, prescribing where imprisonment for default in the payment of fines, either in the case of felonies or misdemeanors, should be ordered. As far as I have been able to ascertain, the practice has been uniform, where there has been imposed both imprisonment and fine, to direct the imprisonment, in default of the payment of the fine, to continue in the same prison,—that is to say, where the imprisonment was in the state prison, the defendant was directed to stand committed in that prison. There is no provision to be found in the Code of Criminal Procedure directing the return of a prisoner convicted of a felony, and sentenced to both fine and imprisonment, from the state prison to the county jail, for default in the payment of his fine,—a provision which I think would not be wanting had such a course been contemplated by the codifiers. The point has existed in several cases where the release of the prisoner has been sought by habeas corpus, but the point has not been raised or passed upon. In these cases the imprisonment has been held valid. In re Bray (Sup.) 12 N. Y. Supp. 366; People v. Bauer, 37 Hun, 407. It would plainly be unfair to commit to the state prison a defendant convicted of a misdemeanor, and subject him to the disgrace of association with felons and hardened criminals, for whose punishment state prisons are instituted; but there is no impropriety in directing that a felon properly incarcerated in a state prison for his offense shall serve out his fine in the same institution. This may be answered by the contention that the fine is a mere debt which the defendant owes the state as a punishment for his offense; but this claim is not in accordance with the fact. The fine is not collected by proceedings against the property; it is not discharged by the defendant's bankruptcy or insolvency, and he can only be relieved from it by application to the court. Now, by the Code, the defendant serves out his imprisonment at a prescribed rate of a day for a dollar. As there is nothing unreasonable or unfair in continuing the imprisonment of felons in state prisons, and there is no express statutory enactment on the subject, I think we should not disturb a practice which has long prevailed. The practice has, if not the sanction, at least the express recognition, of the legislature, for by

chapter 21, Laws 1886, as to the commutation of sentences for good behavior, it is provided "that every convict confined in any state prison on conviction of a felony, where the term or terms equal or equals one year, or who has a term the maximum of which is fixed by law, exclusive of any term which may be imposed by the court, or by virtue, as an alternative for the payment of the fine, may earn for himself a commutation or diminution of his sentence." We are therefore of opinion that the sentence imposed on the relator was valid, and that the county judge erred in directing his discharge.

The order appealed from should be reversed, and the relator returned to the custody of the appellant. All concur.