[No. 2509]

## IN THE MATTER OF THE APPLICATION OF E. R. CON-VERSE FOR A WRIT OF HABEAS CORPUS.

[198 Pac. 229]

1. COURTS—JUVENILE DELINQUENCY ACT HELD VALID, AND NOT TO HAVE CREATED A COURT OF LIMITED SPECIAL JURISDICTION.

    Rev. Laws, 757, making it a crime to contribute to the dependency or delinquency of a child, and providing that the prosecution therefor shall be had in the district court, but in a juvenile department thereof, is not void for creating a court of limited and special jurisdiction, since it does no such thing.

2. FINES—WHERE PARTY WAS GIVEN BOTH JAIL SENTENCE AND FINE FOR CONTRIBUTING TO JUVENILE DELINQUENCY, A JUDGMENT FOR CONFINEMENT UNTIL PAYMENT OF FINE WAS PROPER.

    Rev. Laws, 7266, provides for the commitment of defendant, convicted of crime, to the custody of the proper officer, and for his detention until the judgment is complied with, and section 7257 provides that, if the judgment is that defendant pay a fine, it may also direct that he be imprisoned until the fine be satisfied, so that on a conviction under Rev. Laws, 757, for contributing to juvenile delinquency where defendant was given the maximum jail sentence and maximum fine, it was proper for the judgment to provide that the defendant be confined in jail until the fine be paid, in accordance with the provisions of section 7257.

3. FINES—STATUTE PROVIDING FOR COMMITMENT UNTIL PAYMENT OF FINE HELD NOT UNCONSTITUTIONAL.

    Rev. Laws, 7257, providing that a judgment of conviction, in which defendant is to pay a fine, may also direct that he be imprisoned until the fine is satisfied, and specifying the extent of the imprisonment, which shall not exceed one day for every $2 of the fine, or in that proportion, is not in violation of the spirit or letter of the constitution, but is a statute enacted in the territorial days, and specifically continued in force by the constitution itself.

ORIGINAL PROCEEDING in habeas corpus by E. R.

Converse after conviction on charge of contributing to juvenile delinquency. **Proceeding dismissed, and petitioner remanded to the custody of the sheriff.**

*Warren & Hawkins,* for Petitioner:

The juvenile court was without jurisdiction or authority to impose the further penalty of committing defendant to jail to serve out his fine, and since by the application and the return of the sheriff it stands admitted that petitioner has already fully served his term of imprisonment, he now is illegally deprived of his liberty by the respondent, and should be ordered released from custody.

The act creating a juvenile department of the district court created a court of limited and special jurisdiction as fully as though it had given it a name distinct and separate from the district court, and its authority, jurisdiction and powers are limited by the law creating it. It cannot, therefore, look to the general laws for the support of its judgments. Rev. Laws, 728–764.

There is no statute expressly providing for the imposition of a jail sentence and a fine, and confinement in jail until the fine has been paid or served out at some specified rate. A court cannot "under the guise of a fine and the collection thereof" extend the term of imprisonment to several times the maximum term provided by statute. In Re Rosenheim, 83 Cal. 388; People v. Brown, 113 Cal. 35; Ex Parte Wadleigh, 82 Cal. 518; Ex Parte Erdmann, 88 Cal. 579; Ex Parte Green, 94 Cal. 387; Ex Parte Soto, 88 Cal. 624; People v. Kerr, 114 Pac. 584. "It was not contemplated that, when a punishment by imprisonment was imposed, thereafter another should be added because the fine was not paid. * * * In such case the state must resort to its execution for the collection of its fine, as in a case at law." Roberts v. Howells, 62 Pac. 892; Reese v. Olsen, 139 Pac. 941.

*L. G. Wilson,* District Attorney, for Respondent.

By the Court, COLEMAN, J.:

1.    This is an original proceeding in habeas corpus. Petitioner was convicted upon a charge of contributing to juvenile delinquency.    He was sentenced to imprisonment for six months and to pay a fine of $500, and for failure to pay such fine to serve a term in the county jail equal to one day for each $2 thereof.    Pursuant to such sentence, he was committed to the county jail. The section under which petitioner was prosecuted and convicted is 757 of the Revised Laws of 1912, which reads:

"Any person who shall by an act cause, encourage, or contribute to the dependency or delinquency of a child, as these terms with reference to children are defined by the statutes of this state, or who shall for any cause be responsible therefor, shall be guilty of a misdemeanor, and upon trial and conviction thereof, shall be fined in a sum not to exceed five hundred dollars or imprisoned in the county jail for a period not exceeding six months, or by both such fine and imprisonment. * * * All offenses under the provisions of this act shall be prosecuted in the juvenile department of the district court of the county in which said offense may be committed."

It is first contended that the act under which the prosecution was initiated and the conviction obtained is void, since it created a court of limited and special jurisdiction.    There is nothing in this contention.    The act did not create, nor undertake to create, a court at all.    It simply provides that the prosecution shall be had in the district court, but in the juvenile department thereof.    The act simply sought to keep the prosecutions thereunder separate and distinct from ordinary cases, as in probate proceedings (Lucich v. Medin, 3 Nev. 93, 93 Am. Dec. 376), and not to create a new court.

2.    It is also contended that the court had no authority to order that for failure to pay the fine imposed the petitioner be confined in the county jail until the same

is served out at the rate of one day for each $2 thereof. Our attention is directed to certain statutory provisions which, it is said, are the only ones which pertain to this matter, and it is urged that they do not contemplate a jail sentence and a fine, and for failure to pay the same that it shall be served out in jail. The sections alluded to read:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every two dollars of the fine, or in that proportion." Rev. Laws, 7257.

"If the judgment be imprisonment, or a fine and imprisonment until it is satisfied, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with." Rev. Laws, 7266.

It was by virtue of section 7257 that the court ordered the jail sentence in case of petitioner's failure to pay the fine. The gist of counsel's contention is summed up in the following language contained in their brief:

"Now, if the court had only fined Converse, it might be urged that, under the provisions of section 7257, above quoted, it also could have directed that he be imprisoned until the fine be satisfied. But nowhere is there authority for the court to inflict three penalties upon a defendant, as was done with Converse, namely, imprisonment to the limit, fine to the limit, and commitment in case the fine is not paid."

Our attention is directed to the ruling of the courts of California and Utah, in support of the contention now made. Ex Parte Rosenheim, 83 Cal. 388, 23 Pac. 372; Roberts v. Howells, 22 Utah, 389, 62 Pac. 892. The California and Utah authorities are not based upon the theory that three penalties were inflicted in the respective cases, but rather, as we understand them, that the statutes under which the penalties were inflicted contemplated that under no theory can a term in jail be inflicted in excess of that designated by statute for

which a jail sentence as such may be imposed. In other words, if the sentence is for the maximum penalty which may be imposed as a jail sentence, and in addition thereto a fine is imposed, it is held that the payment of the fine cannot be enforced by an order that the guilty party be sentenced to a term in jail, in that it would result in the infliction of a double jail sentence, when only one is permissible. We do not take that view of it. Nor do we take our statute from Utah or California with the interpretation given it by the decisions of those states, since it was enacted by our territorial legislature in 1861, long prior to said decisions, and has ever since remained unchanged upon our statute books.

Our statute contemplates only one jail sentence, or a fine, or both, in the discretion of the court, and authorizes the enforcement of the payment of the fine by confinement in jail at the rate of one day for each $2 thereof. At common law the payment of a fine was enforced by jail sentence (8 R. C. L. 270; 16 C. J. 1367), and it is evident that our legislature, in adopting the statute providing for a jail sentence for failure to pay a fine, merely intended that the common-law rule should be declared.

3. There is nothing in our constitution prohibiting the enactment of such a statute. In fact, this statute was enacted in territorial days, and specifically continued in force by the constitution itself; hence it cannot be said that it violates the spirit or letter of the constitution. The interpretation which we put upon the statute is nothing more than that long put upon it by the courts and officers of this state. We might with peculiar application quote the language of the Supreme Court of the United States:

"To this objection, which is of recent date, it is sufficient to observe, that practice and acquiescence under it for a period of several years, commencing with the organization of the judicial system, affords an irresistible answer, and has indeed fixed the construction. It

is a contemporary interpretation of the most forcible nature. This practical exposition is too strong and obstinate to be shaken or controlled. * * * The question is at rest, and ought not now to be disturbed." Stuart v. Laird, 1 Cranch. 308, 2 L. Ed. 115.

Corpus Juris lays down the rule as being in line with the views we have indicated. It says:

"The practice and authority for directing that one ordered to pay a fine stand committed until it is paid is now commonly authorized by statute. This is the proper means for the collection of a fine, and is not regarded as a part of the punishment." 16 C. J., pp. 1367, 1368.

Of the courts which have had occasion to speak on this question, a great majority have reached the same conclusion that we have; the last to fall in line being that of Idaho. State v. Goodrich, 196 Pac. 1043. See, also, Ex Parte Londos, 54 Mont. 418, 170 Pac. 1045; State v. Peterson, 38 Minn. 143, 36 N. W. 443; Ex Parte Dockery, 38 Tex. Cr. R. 293, 42 S. W. 599; Irvin v. State, 52 Fla. 51, 41 South. 785, 10 Ann. Cas. 1003; Bishop, New Crim. Proc. sec. 1301; In Re Newton, 39 Neb. 757, 58 N. W. 436; In Re Beall, 26 Ohio St. 195; State v. Merry, 20 N. D. 337, 127 N. W. 83.

For the reasons given, it is ordered that these proceedings be dismissed, and that the petitioner be remanded to the custody of the sheriff.