[No. 16653. Department Two. January 26, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. LEW TULLOCK, *Appellant.*[1]

LARCENY (18)—EVIDENCE—OWNERSHIP OF PROPERTY—STATUTES AS TO RECORDED BRANDS. In a prosecution for the larceny of logs, the owner's mark thereon is admissible for the purpose of proving ownership, though it had never been recorded in compliance with the provisions of Rem. Code, § 7092, since that statute does not restrict evidence of ownership to recorded brands or marks.

SAME (25-2)—VALUE OF PROPERTY—EVIDENCE—SUFFICIENCY. In a prosecution for the larceny of logs, their value is sufficiently proven by evidence of the price obtained on a sale by the one who purloined them.

SAME (28)—TAKING OF PROPERTY—FELONIOUS INTENT—EVIDENCE —SUFFICIENCY. The felonious intent of the finder of logs adrift in taking possession and selling them is sufficiently shown by evidence that the logs had a private brand and that there were no other logs with the same marks, and that the finder had reasonable means of knowing ownership.

[1]Reported in 203 Pac. 932.

CRIMINAL LAW (458, 459)—PUNISHMENT—GROSS MISDEMEANORS—
STATUTES. Under Rem. Code, § 2267, providing that one convicted of
a gross misdemeanor may be punished both by imprisonment in
the county jail and by a fine not exceeding $1,000, and under Id.,
§§ 2200, 2209, authorizing the commitment to custody of a defendant
adjudged to pay a fine, which, on failure to pay, he shall work out
at the rate of two dollars per day, the court has power, upon sen-
tencing a defendant to a term of imprisonment and to pay a fine,
to further provide that he should be committed to jail until the fine
is satisfied according to law.

Appeal from a judgment of the superior court for
Clarke county, Simpson, J., entered March 29, 1921,
upon a trial and conviction of larceny. Affirmed.

*D. P. Price* and *W. L. McFarling,* for appellant.

*Jos. E. Hall, Dale McMullin,* and *John Wilkinson,*
for respondent.

MAIN, J.—The defendant was charged by informa-
tion with the crime of grand larceny. The trial re-
sulted in a verdict finding him guilty of petit larceny.
From the judgment entered upon the verdict and the
sentence imposed, the defendant prosecutes this ap-
peal.

On and prior to December, 1920, the appellant, Lew
Tullock, lived in Cowlitz county and was engaged in
fishing in the waters of the Columbia river. The Aetna
Logging Company, a corporation, was engaged in the
logging business on the north fork of the Lewis river,
in Clarke county. This company had adopted as a
mark or brand for its logs what is referred to as Circle
1, which was a circle about two inches in diameter with
the figure 1 across the center.

On the 14th of December, 1920, the company had a
raft of logs stored in Lake river, and on the night of
that day one of the rafts was broken up and the logs
drifted down the river. The appellant, on the day fol-
lowing, took six of the cedar logs which had been in

the raft that was broken up while they were afloat in the Columbia river. Two days later, and on the 17th of December, the appellant sold these six logs to one H. J. Bratley, who at the time was operating a shingle mill. The purchase price was $57.71, which was paid by check, and a receipt was signed by the appellant acknowledging payment on December 20. The appellant cashed the check, but before it reached the bank upon which it was drawn, payment had been stopped thereon. On December 29, the appellant was arrested, and shortly thereafter charged with the crime of grand larceny. The mark on the logs above referred to as Circle 1 had not been recorded in the auditor's office of the county wherein the company was doing business, as ch. 3 of title 55 of Remington's Code (§ 7092) provides that such marks may be.

It is the first contention of the appellant that, since the mark had not been recorded, it was not permissible to prove ownership by proving the mark. In the chapter referred to it is provided that logs placed in any river shall have some mark or marks upon them previously selected by the owner, and provides, as already indicated, for the recording of this mark in the auditor's office. There is further provision that any logs having any such recorded mark or marks impressed thereon shall be presumed to belong to the party in whose name such mark has been recorded. There is no provision in the statute to the effect that only recorded marks shall be recognized in law as evidence of ownership. In *State v. Swager*, 110 Wash. 431, 188 Pac. 504, the defendant had been charged with the stealing of certain cattle which were ear marked and branded, but of which there was no record. The contention was there made that, since the statute (Rem. Code, § 3156 *et seq.*; P. C. § 3703) provided for the recording of marks and

brands upon cattle, it was error to permit evidence of such marks when the same had not been recorded. It was there held that, since the statute nowhere provided that only recorded marks and brands should be evidence of ownership, it was not error to introduce the evidence complained of; and it was further pointed out that the statute providing for the recording of such marks and brands made on the transcript of such record *prima facie* evidence of such ownership.

The statute providing for the adopting of a mark for logs and the recording thereof is strikingly similar to the statute which was under consideration in that case. In the logging statute there is no provision, as already stated, that marks adopted and recorded shall be the only recognized evidence in law of ownership. It is provided that, when such mark has been adopted, the property upon which they are impressed is presumed to belong to the party in whose name the mark is recorded. There is no reason why a different conclusion should be reached with reference to the logging statute from that which was arrived at in the case referred to.

The next contention is that there was not sufficient evidence of the value of the logs to take the case to the jury. This contention, however, overlooks the fact that the logs were sold for the price above stated, as well as other evidence in the record from which the value might have been inferred. It is true, at the time the logs were sold, there was on only one or two of them the mark, but there was evidence that, as to the other logs, the place where the marks had been had been chipped out.

It is further contended that the evidence failed to prove a felonious taking. The rule as stated in *State v. Hinton,* 56 Ore. 428, 109 Pac. 24, and other cases cited

by the appellant, to the effect that to make the finder of property guilty of larceny he must have had, at the time he took possession, an intent to convert the property to his own use, and that he knew at that time, or had reasonable means of knowing, who the owner of the property was, may be accepted. It follows then that if, at the time the appellant took possession of the logs, he knew, or had reasonable means of knowing, the owner, this was indicative of an intent to wrongfully take possession of the property. Under the evidence in this case, the logs had been marked and the marks were plainly visible, so that the jury were justified in believing that, at the time the appellant took possession of the same, he had reasonable means of knowing the ownership. There was evidence that no other logs of the same mark were being dumped into the Lewis river or were being boomed at the place where the logs in question were.

The last contention, as it appears in the appellant's brief, relates to the sentence imposed upon the appellant, which was that he serve a term of thirty days in the county jail and pay a fine in the sum of $1,000, and that he be detained in the jail until the fine and costs had been paid or settled in accordance with the law. The point here is that the court having sentenced the appellant to a period of thirty days in jail as a punishment, it was error to provide that he should be kept in jail until the fine was settled according to law if it were not paid. The crime of which the appellant was convicted was a gross misdemeanor, and § 2267, Rem. Code, (P. C. § 8702), provides that every person convicted of a gross misdemeanor for which no punishment is prescribed by statute "shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than $1,000, or by both."

Here is an express provision that there may be both fine and imprisonment imposed when a person is found guilty of a gross misdemeanor. Section 2200, Rem. Code (P. C. § 9311), provides that, when a defendant is adjudged to pay fine and costs, the court shall order him committed to the custody of the sheriff until the fine and costs are paid or secured as provided by law. Section 2209, Rem. Code (P. C. § 9320), provides that, when a defendant is committed to jail on failure to pay any fine or costs, he shall work out the same at the rate of $2 per day. We find nothing in the statutes which would warrant a holding that it was the legislative intent that, when there was both imprisonment and fine, a defendant could not be committed to jail until the fine was paid. The court, in imposing a sentence of thirty days as punishment, did not exhaust its power so far as adjudging that the appellant should be committed to jail, and had the right to also provide that he should be there committed until the fine was paid, or otherwise settled as provided by law.

In *Berkenfield v. People,* 191 Ill. 272, 61 N. E. 96, construing statutes which are strikingly similar to those of this state, that court held that the court had power, after sentencing the defendant to a term of imprisonment and to pay a fine, to further provide that he should be committed to jail also until the fine was satisfied according to law. In *Ex parte Rosenheim,* 83 Cal. 388, 23 Pac. 372, and *Reese v. Olsen,* 44 Utah 318, 139 Pac. 941, the supreme courts of California and Utah, respectively, took the opposite view. In each of those states it was held that, where there was a sentence to jail as a punishment and the imposition of a fine, there could not be a commitment to jail until the fine was satisfied according to law, the term of serving the fine to begin at the conclusion of the penal sen-

tence. While the statutes of those states are in many respects similar to the statutes of this state, yet in each of them there is a provision which the courts thereof relied on to a considerable extent in reaching the conclusion which they did, and, so far as we are advised, there is not a similar statute in this state. Further than this, if the statutes were more similar to ours than they are we would be disinclined to follow the holding in those cases, because it seems to us that the correct view is that which was expressed by the Illinois court, and which we here approve.

There are some other minor questions, but we think what has been already said sufficiently covers them and it is not necessary to give them more detailed discussion.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and HOVEY, JJ., concur.