FOERTSCH, Appellant, vs. JAMESON, Respondent.

(204 N. W. 175.)

(File No. 5901. Opinion filed June 3, 1925.)

1. **Fines—Criminal Law—Imprisonment of Defendant for Nonpayment of Fine Held Valid.**

Imprisonment of defendant for nonpayment of fine, at rate of one day for each $2 of fine, was valid, under Rev. Code 1919, Sec. 4963, though he was sentenced to maximum imprisonment provided for second degree manslaughter under Sec. 4031, such imprisonment, until fine is paid, not being a part of penalty imposed for offense, but to compel obedience to order of court directing payment of fine.

2.  Fines—Criminal Law—Continued Imprisonment of Defendant in Penitentiary for Nonpayment of Fine, After Serving Sentence of Imprisonment, Held Not Invalid.

Continued imprisonment of defendant in penitentiary, to which institution he had been committed to serve sentence imposed for nonpayment of fine, after serving sentence of imprisonment, held not to violate any statute.

3.  Criminal Law—Constitutional Law—Continued Imprisonment of Defendant in Penitentiary for Nonpayment of Fine Held Not Unconstitutional as Cruel Punishment.

Continued imprisonment of defendant in penitentiary for nonpayment of fine, to which institution he had been committed to serve sentence imposed, after serving sentence of imprisonment, held not violative of Const. Art. 6, Sec. 23, prohibiting cruel punishment.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Habeas corpus by Joseph Foertsch against George T. Jameson. From an order quashing the writ and remanding petitioner to custody, petitioner appealed. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for Respondent.

(1) To point one of the opinion, Appellant cited: Ex parte Arras, 78 Cal. 304, 20 Pac. 683; Ex parte Lange, 18 Wall. 163, 21 L. ed. 872; In re McCain, 9 S. D. 57; Ex parte McClure, 118 Pac. 591.

Respondent cited: State v. Merry, (N. D.) 127 N. W. 83.

GATES, J. Foertsch brought this habeas corpus proceeding in the circuit court to test the legality of his dentention in the state penitentiary. He was convicted of second degree manslaughter and was sentenced to serve a term of four years in the penitentiary and to pay a fine of $1,000, and it was further provided that in default of the payment of the fine he should remain imprisoned in the penitentiary for the further period of 500 days, viz., one day for each two dollars of the fine. His four year term, counting "good time," has expired and he sought release claiming that further imprisonment was unlawful. The trial court quashed the writ and remanded the prisoner to the custody of the warden of the penitentiary. From such order Foertsch appeals.

In his petition for the writ appellant alleged:

"That said sentence adjudging that this petitioner be confined in the penitentiary for non-payment of a fine is void under the statute and would, under the Constitution of this state, constitute cruel punishment for the misfortune of being poor."

[1] Upon the proposition that imprisonment for the non-payment of the fine is void under the statute, appellant urges that such imprisonment is in excess of the maximum provided by the statute. The statute defining the punishment for second degree manslaughter is section 4031, Rev. Code, 1919, viz.:

"Every person guilty of manslaughter in the second degree is punishable by imprisonment in the state penitentiary not more than four years, and not less than two years or by imprisonment in a county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or by both such fine and imprisonment."

Appellant urges that, the maximum imprisonment being four years, and he having been given the maximum, the further imprisonment, because of the nonpayment of the fine, exceeded the jurisdiction of the court. But section 4963, Rev. Code 1919, provides:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

Under statutes similar to this it is generally held that imprisonment until the fine is paid is not a part of the penalty imposed for the offense, but is to compel obedience to the order of the court directing the payment of the fine and is lawful. State v. Peterson, 38 Minn. 143, 36 N. W. 443. In re Londos, 54 Mont. 418, 170 P. 1045, the court said:

"The penalty imposed in this instance was imprisonment for 30 days and a fine of $250. The imprisonment after the expiration of the 30 days is not a part of the punishment, but the common-law mode of executing the sentence, that is, of enforcing the payment of the fine."

See, also, Ex parte Converse, 45 Nev. 93, 198 P. 229; Ex parte Karlson, 160 Cal. 378, 117 P. 447, Ann. Cas. 1912D, 1334; 8 R. C. L. 270; 16 C. J. 1367 and note, 12 Am. St. Rep. 202.

[2]   Appellant further contends that under our statutes he could only have been imprisoned in the county jail for the nonpayment of the fine, instead of in the penitentiary.   In support of such contention appellant cites the case Ex parte Arras, 78 Cal. 304, 20 P. 683, and urges that, as the California statute is identical with our section 4963 above quoted, that case should be authority for his contention.   However appellant neglected to call to our attention section 17, Cal. Pen. Code, which provides in effect that imprisonment for the nonpayment of a fine is imprisonment for a misdemeanor.   There is no provision of our Code which requires that imprisonment for the nonpayment of a fine shall be in the county jail.   There is no provision of our Code which will not permit such further imprisonment in the same institution to which the convict has been committed.   Upon this point the court said in People ex rel. Gately v. Sage, 13 App. Div. 135, 43 N. Y. S. 372:

"There is no provision to be found in the Code of Criminal Procedure directing the return of a prisoner convicted of a felony, and sentenced to both fine and imprisonment, from the state prison to the county jail, for default in the payment of his fine, a provision which I think would not be wanting had such a course been contemplated by the codifiers."

[3]   We are therefore of the opinion that appellant's continued incarceration in the penitentiary does not violate any provision of the statute.   Lastly appellant contends that his continued imprisonment in the penitentiary for the nonpayment of the fine violates Const. art. 6, § 23, which provides that cruel punishments shall not be inflicted.   He thus sets forth his contention:

"Are we allowed under the Constitution to attach an infamous punishment, namely, imprisonment in the penitentiary in detaining the accused, or must he be retained in the county jail?   Suppose that the trial judge had seen fit merely to fine the accused, as he would have a right to do, could he in the same sentence for nonpayment of such fine, have attached an infamous punishment and sent the accused to the penitentiary until he did so pay?   The writer will say not without violating the Constitution.   Is a man to be made infamous in the eyes of the law because he is poor?   Is wealth to screen him from infamy if his crime is such?"

Appellant was convicted of an infamous offense. It would seem that the crime would be none the less infamous whether he was sentenced (a) to a term in the penitentiary; (b) to pay a fine; (c) to a term in the penitentiary and to pay a fine; (d) to a term in the county jail; or (e) to a term in the county jail and to pay a fine. The continued imprisonment of appellant in the penitentiary until he shall pay the fine imposed or until he shall have "served it out" at the rate of $2 for every day of imprisonment, does not constitute cruel punishment. People ex rel. Gately v. Sage, supra. In that case the court said:

"There is no impropriety in directing that a felon properly incarcerated in a state prison for his offense shall serve out his fine in the same institution."

The order quashing the writ is affirmed.

Note.—Reported in 204 N. W. 175. See, Headnote (1), American Key-Numbered Digest, Fines, Key-No. 12, 25 C. J. Sec. 21, Criminal law, 16 C. J. Sec. 3221; (2) Fines, Key-No. 12, 25 C. J. Sec. 24; Criminal law, Key-No. 1209, 16 C. J. Sec. 3201 (1926 Anno.)