*1458
 
 Terrell, C. J.,
 

 Writ of Error in this cause is to a judgment of the Circuit Court of Suwannee County on writ of
 
 habeas corpus
 
 remanding the petitioner to the County Judge’s Court of that county for proper sentence in a conviction for having in his possession intoxicating liquors. The pertinent part of the judgment complained of is as follows:
 

 “ * * * it js the sentence 0f the iaw an¿ the judgment of the Court that you be confined in the County jail of Suwannee County, Florida, at labor at the order of the Board of County Commissioners for a period of six months, and pay a fine of Two Hundred Dollars, and all costs of this prosecution and upon your failure to pay said fine and costs, that you be confined in the County jail of Suwannee County, Florida, at labor at the order of the Board of County Commissioners for an additional time of five months, this last period to begin at the expiration of the first, * * * ”
 

 The jurisdiction of the County Judge in criminal cases is, pursuant to Section 17 of Article V of the Constitution defined by Sections 6001 and 5995 of the Rev. Gen. Stats, of 1920 (Sections 8295 and 8289 Comp. Gen. Laws of 1927) and is directed to misdemeanors punishable by a fine of “not exceeding five hundred dollars or by imprisonment' not exceeding six months or by both such fine and imprisonment. ” Having in one’s possession intoxicating liquors (first offense) is a misdemeanor in this state punishable by a fine of not exceeding five hundred dollars or by imprisonment in the county jail not exceeding six months or by both such fine and imprisonment. Section 5486 Rev. Gen Stats, of 1920 (Section 7630 Comp. Gen. Laws of 1927).
 

 
 *1459
 
 In tlie instant case the County Judge imposed the maximum imprisonment fixed by the law and in addition thereto a fine of two hundred dollars which was within his jurisdiction but when he attempted to impose an additional five months’ imprisonment for failure to pay the fine he exceeded his jurisdiction as defined by the law as here quoted. The judgment remanding the petitioner for proper sentence was therefore correct.
 
 Ex parte
 
 Simmons, 73 Fla. 998, 75 So. R. 542; Douglas v. Shackleford, 73 Fla. 889, 75 So. R. 203; Sargent v. Smith, 68 Fla. 77, 66 So. R. 430; Faison v. Vestal, 71 Fla. 562, 71 So. R. 759; Johnson v. State, 81 Fla. 783, 89 So. R. 114; Porter v. State, 62 Fla. 79, 56 So. R. 406.
 

 Affirmed.
 

 Whitfield, Ellis, Strum and Buford, J. J., concur.