In the Matter of CARL F. McKINNEY, Respondent, against EDMUND L. HAMILTON, Justice of the Peace of the Town of Brunswick, as a Magistrate in a Court of Special Sessions for the Town of Brunswick, Appellant, Impleaded with Others.

Argued February 28, 1940; decided April 16, 1940.

*John J. Bennett, Jr., Attorney-General (Henry Epstein, Joseph A. McLaughlin* and *Sol I. Smithline* of counsel), for appellant. The Court of Special Sessions had jurisdiction to try petitioner for a violation of section 1272 of the Penal Law since the offense is a misdemeanor. (*People ex rel. Pierce* v. *Howe,* 218 App. Div. 273; *People* v. *Kraft,* 229 App. Div. 281; *People ex rel. Jaffe* v. *Henderson,* 245 App. Div. 169; 270 N. Y. 638; *Rueffer* v. *Department of Agriculture and Markets,* 164 Misc. Rep. 803; *New York Central & H. R. R. R. Co.* v. *Williams,* 136 App. Div. 904; 199 N. Y. 108; *People* v. *Primrose Wet Wash Laundry Co.,* 11 N. Y. Supp. [2d] 302; *People* v. *Grass,* 257 App. Div. 1; *People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 190; *People* v. *Bellinger,* 269 N. Y. 265; *People* v. *Kaminsky,* 208 N. Y. 389; *People* v. *Lyon,* 99 N. Y. 210; *People* v. *Reson,* 249 App. Div. 54; *City of Buffalo* v. *Murphy,* 228 App. Div. 279; *Chapman* v. *Selover,* 225 N. Y. 417; *Colon* v. *Lisk,* 153 N. Y. 188.) The power to impose a maximum fine of $10,000 and in default of the payment thereof to sentence the offender to a term of imprisonment under the appropriate sections of the Code of Criminal Procedure did not transmute the misdemeanor into a felony to deprive the Court of Special Sessions of jurisdiction. (*People ex rel. Gately* v. *Sage,* 13 App. Div. 135; *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25.)

*Thomas E. Dewey, District Attorney of New York County* (*Stanley H. Fuld* and *Burr F. Coleman* of counsel), *amicus curiæ.* Courts of Special Sessions possess jurisdiction to try defendants charged with violation of section 1272 of

the Penal Law. (*People* v. *Bellinger*, 269 N. Y. 265; *People* v. *Kaminsky*, 208 N. Y. 389; *People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *People* v. *Lyon*, 99 N. Y. 210; *People* v. *Reson*, 249 App. Div. 54; *People* v. *Hayman*, 94 Misc. Rep. 624; *City of Buffalo* v. *Murphy*, 228 App. Div. 279; *People ex rel. Gately* v. *Sage*, 13 App. Div. 135; *Hart* v. *Norman*, 92 Misc. Rep. 185; *Matter of Cooley* v. *Wilder*, 234 App. Div. 256; *People ex rel. Jaffe* v. *Henderson*, 245 App. Div. 169; *People ex rel. Pierce* v. *Howe*, 218 App. Div. 273; *People* v. *Schumann*, 146 Misc. Rep. 395; *People* v. *Peterson*, 145 Misc. Rep. 324.)

*Edward J. Neary*, District Attorney of Nassau County (*Philip Huntington* of counsel), *amicus curiæ*. Courts of Special Sessions, including such courts held by justices of the peace in the State of New York, have express power and jurisdiction to hear and determine charges of violation of section 1272 of the Penal Law. (*People* v. *Monahan*, 257 N. Y. 388; *City of Buffalo* v. *Murphy*, 228 App. Div. 279.)

*Robert T. Murray* and *John F. Murray* for respondent. A justice of the peace acting as a Court of Special Sessions had no jurisdiction to try the petitioner for a violation of section 1272 of the Penal Law, since that offense is a felony. (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *Mackin* v. *United States*, 117 U. S. 348; *People* v. *Bellinger*, 269 N. Y. 265; *People* v. *Hughes*, 137 N. Y. 29; *United States* v. *Stovall*, 289 Fed. Rep. 123; *Matter of Wilson*, 114 U. S. 417.) Section 1272 of the Penal Law is void and unconstitutional. The penalty prescribed for its violation is in excess of punishment for a misdemeanor and greater than the minimum prescribed for a felony. (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *People* v. *Bellinger*, 269 N. Y. 265; Code Crim. Proc. §§ 484, 718; N. Y. Const. art. 6, § 18.)

Lewis, J. We are to determine whether an alleged violation of sections 195 and 196 of the Labor Law (Cons. Laws, ch. 31) and section 1272 of the Penal Law, which require employers of certain types of labor to pay in cash

the weekly wages of their employees, is a misdemeanor or a felony.

The petitioner-respondent McKinney was arrested and arraigned before the defendant-appellant Hamilton and pleaded not guilty to an information which charged a violation of section 196 of the Labor Law and section 1272 of the Penal Law in that he and Troy Trap Rock Corporation, of which he is an officer, failed to pay in cash the weekly wages due to nine of its employees who are named herein as defendants. Further proceedings in the prosecution were restrained by Special Term, which granted an order — formerly termed a prohibition order — under article 78 of the Civil Practice Act, upon allegations by the petitioner that the charge preferred against him before the appellant, a justice of the peace, is not a misdemeanor but a felony, and, accordingly, that the appellant, sitting as a Court of Special Sessions, is without jurisdiction to act in the matter.

The petitioner has thus far successfully maintained that, although the statute itself denominates a violation of section 1272 of the Penal Law as a misdemeanor, the punishment prescribed therein is of a character applicable to a felony. Accordingly, it is said, the appellant, as a Court of Special Sessions, with jurisdiction limited to the trial of " offenses of the grade of misdemeanors " (N. Y. Const. art. 6, § 18), is without authority to try the petitioner.

Section 1272 of the Penal Law provides in part: " Each person, copartnership, corporation or joint-stock association carrying on a business by lease or otherwise, who does not pay the wages of all his or its employees in accordance with the provisions of the labor law is guilty of a misdemeanor, and upon conviction therefor, shall be fined not less than one hundred nor more than ten thousand dollars for each offense."

To reach the conclusion that the section deals with an offense which in ultimate legal effect is a felony, the respondent points to sections 484 and 718 of the Code of Criminal

Procedure, each of which provides in part: " A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine." It is said that by applying the statute last quoted to the maximum fine of $10,000, authorized by section 1272 of the Penal Law, a defendant might be imprisoned for 10,000 days — more than twenty-seven years — which is punishment befitting a felony, not a misdemeanor. We are also told that if the Legislature intended by section 1272 to define a misdemeanor it would not have provided as punishment a fine which may be double the maximum fine which can be imposed upon a corporation for the commission of a felony under section 1932 of the Penal Law.

The fallacy which we find in the argument is that, in testing the quality or classification of a crime, and after properly employing the punishment prescribed as the characterizing factor, the respondent mistakenly treats the imposition of a fine as being in the same category as a sentence of imprisonment.

A felony is a crime punishable by death or imprisonment in a State prison. Any other crime is a misdemeanor. (Penal Law, § 2.) When the sentence is for less than a year the imprisonment must be in a local prison; if for more than a year the imprisonment must be in a State prison and in either when the sentence is exactly one year. In no event may imprisonment in a State prison be reduced below one year except in cases where executive clemency is exercised. (Penal Law, §§ 2181–2183.)

The punishment provided by section 1272 of the Penal Law is a fine — not imprisonment in a State prison. The offense does not become a felony merely because by applying section 718 of the Code of Criminal Procedure a defendant may be imprisoned one day for every dollar of the fine unpaid until the fine be satisfied. The commitment authorized by section 718 for failure to pay a fine does not increase the penalty specified in the criminal statutes to which

it is applicable. It follows only upon a defendant's failure to pay the fine and is a means of bringing about collection of the same. " It is well settled that this remedy for the collection of a fine is not part of the sentence. It is simply a means of enforcing the sentence. * * * A direction, in a sentence imposing a fine that defendant stand committed until the fine is paid is no part of the penalty for the offense, but is merely a means of compelling obedience to the judgment of the court." (*City of Buffalo* v. *Murphy*, 228 App. Div. 279, 287.)

Prior to the ruling last quoted, Mr. Justice CULLEN, later Chief Judge of this court, writing in *People ex rel. Gately* v. *Sage* (13 App. Div. 135), had stated (p. 136): " The provision that the term of imprisonment shall not exceed five years applies only to the term of absolute imprisonment which the defendant must necessarily undergo, and not to imprisonment to which he is subjected as a means to compel him to pay the fine. It has always been the practice to enforce the payment of a fine, when imposed as a punishment for crime, by a direction that the defendant stand committed until the fine be paid." The opinion also gives in outline the historical background for the rule which was well established in the law of England. (*The King* v. *Woolf*, Chitty's Cases on Practice and Pleading, vol. 1, pp. 401, 441–443. See, also, Report of Commissioners of Practice and Pleading, Draft of Code of Criminal Procedure, 1850, p. 260, § 549.)

In reaching a conclusion opposed to the respondent's claim we are influenced by the fact that if a defendant refuses to pay a fine imposed as punishment — which is the only form of punishment provided by the statute with which we are now concerned — and he is committed under section 718 of the Code of Criminal Procedure, he is not required to stand committed for a definite term in prison. The duration of his confinement is within his own control. By payment of the fine imposed he is at once set free.

We have not overlooked the rule of *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190), upon which Special Term relied.

That case is to be distinguished by the fact that the relator was prosecuted for petit larceny as a second offender at a time when there were statutes expressly authorizing the court to sentence him for a term of two years. The grade of the offense was obviously a felony in view of authorized punishment of imprisonment for two years. Likewise, in *People* v. *Bellinger* (269 N. Y. 265) the decision was influenced by the fact that the prosecution was under a statute which provided for imprisonment not exceeding two years.

The conclusion we have reached makes unnecessary our consideration of appellant's point that prohibition was not the proper remedy available to the respondent.

The order of the Appellate Division should be reversed, the order of Special Term vacated, without costs, and the petitioner-respondent directed to stand trial before the Court of Special Sessions.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Ordered accordingly.