**PEEPLES v. DISTRICT OF COLUMBIA.**

No. 956.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 18, 1950.

Decided Oct. 11, 1950.

Frederick C. LeComte, Washington, D. C., appointed by this court, for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of being drunk in a public park. He was sentenced to pay a fine of $75 and in default of payment to serve 150 days. Being unable to pay his fine he was imprisoned. At his request we appointed counsel to represent him on this appeal and at counsel's request advanced the case for hearing.

The principal point on appeal is that the court lacked jurisdiction to sentence appellant to confinement for 150 days in default of the payment of the fine. The statute making drunkenness or intoxication in certain specified places an offense, provides: "Any person violating the provisions of this section shall be punished by a fine of not more than $100 or by imprisonment for not more than thirty days or by both such fine and imprisonment in the discretion of the court for the first offense; by a fine of not more than $200 or by imprisonment for not more than sixty days or by both such fine and imprisonment in the discretion of the court for the second offense, or by a fine of not more than $500 or by imprisonment

for not more than six months or by both such fine and imprisonment in the discretion of the court for each subsequent offense." [1]

Appellant argues that since he was not charged as, or proven at trial to be, a second or subsequent offender, he could not be punished as such; [2] that therefore the maximum punishment permitted was a fine of $100 or imprisonment for 30 days or both; and that, although the fine of $75 was within the permissible limit, the alternative of 150 days confinement was beyond the power and jurisdiction of the trial court. The government makes no contention that appellant was convicted or sentenced as a second or subsequent offender, but contends that the sentence was within the legal limits for a first offense.

In Code sections 11—606 and 11—616, it is provided: "In all cases where the said court shall impose a fine it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year."

The imposition of an alternative sentence of imprisonment in default of payment of a fine has been upheld by this court in several instances. [3] Appellant concedes that as a general rule the alternative sentence of imprisonment is valid, but argues that the general authority given by the last quoted Code sections is limited by the later and specific section first above quoted. His contention is that Congress having specifically fixed the punishment for first offense drunkenness at $100 or 30 days or both, it necessarily limited the power of the court in imposing the alternative sentence in default of payment of a fine to a 30 day sentence.

We do not believe the general statute is so limited by the special. The general statute existed long before the special one and in enacting the later one Congress must have been aware of the earlier

1. Code 1940, § 25—128(b).

2. See Jacobs v. United States, 58 App.D.C. 62, 24 F.2d 890.

3. See Savage v. District of Columbia, D. C.Mun.App., 54 A.2d 562; Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710; Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629.

one, and had it intended the later to modify the earlier it would have said so. The earlier and general statute authorizes the court in "all cases" where a fine is imposed to order commitment in default of payment. Without such power the court would have no means of enforcing payment of a fine and it has been held that a court has such power even without statutory authority.[4] Thus, as in this case, default in payment of a fine may require a defendant to serve a term greater than could have been imposed on him in the form of a straight prison sentence. This alone however does not invalidate the alternative prison sentence. Where the statute provides a fine but no prison sentence, the alternative prison sentence may still be imposed.[5] And where a fine or imprisonment or both may be imposed, and both are imposed the weight of authority is that in default of payment of fine the defendant may be committed for an additional term after expiration of the term to which sentenced, even though the total of the two terms exceeds the maximum imprisonment provided in the statute.[6] Otherwise the sentence of imprisonment and fine would be satisfied by imprisonment alone. A few cases hold to the contrary but they appear at least in part to rest upon their particular statutes.[7]

It must be remembered that the alternative sentence of imprisonment in default of payment of fine is not imposed as a part of the penalty but as a means of compelling payment of the fine. The imprisonment may be avoided by payment of the fine, which of course cannot be done where imprisonment is the primary or original sentence.[8] The special statute defines the punishment. The general statute provides a means of enforcing the punishment. In view of this we cannot say that under our statutes the mere fact the alternative imprisonment exceeds the term which could have been imposed on appellant as a primary sentence, makes the alternative sentence invalid.[9]

In this connection we think a note of warning should be addressed to the trial court. Our statute gives broad discretion in imposing imprisonment in default of payment of fine, but, as we have said, the alternative sentence is a mode of compelling payment of the fine. Its use should be confined to such. It should not be used for the purpose of imposing a longer term of imprisonment than is permitted by law. To do so is to do indirectly that which cannot be done directly. To impose on a man obviously without means a large fine, and in the alternative a long term of imprisonment, is to all practical effect the imposition of a straight term of imprisonment. In this case the alternative sentence of 150 days looks suspiciously as if the trial court decided, either for appellant's good or for the good of the community, that appellant because of his record of approximately seventy convictions for drunkenness, should be confined for more than the thirty days permitted by the statute, and used the alternative sentence to accomplish this. If we were convinced that this was true, we would reverse, because Congress has fixed thirty days as the maximum term of imprisonment for the first offense of drunkenness and the court ought not to evade the legislative enactment under the guise of enforcing payment of a fine. If this can be done then a longer imprisonment can be imposed on a poor person than on one with

4. Pierce v. United States, 255 U.S. 398, 41 S.Ct. 365, 65 L.Ed. 697; Haddox v. Richardson, 4 Cir., 168 F. 635; Ex parte Barclay, C.C.Me., 153 F. 669.

5. Anderson v. District of Columbia, D.C. Mun.App., 48 A.2d 710.

6. Peterson v. United States, 9 Cir., 297 F. 1002; Berkenfield v. People, 191 Ill. 272, 61 N.E. 96; People ex rel. Gately v. Sage, 13 App.Div. 135, 43 N.Y.S. 372; State v. Peterson, 38 Minn. 143, 36 N.W. 443; Foertsch v. Jameson, 48 S.D. 328, 204 N.

W. 175; State v. Tullock, 118 Wash. 496, 203 P. 932.

7. See People v. Sayre, 26 Cal.App.2d Supp. 757, 70 P.2d 546; Silver v. State, 37 Ariz. 418, 295 P. 311; Lyle v. Walter, 100 Fla. 1457, 131 So. 383; Reese v. Olsen, 44 Utah 318, 139 P. 941.

8. Bowles v. District of Columbia, 22 App. D.C. 321; McKinney v. Hamilton, 282 N. Y. 393, 26 N.E.2d 949, 127 A.L.R. 1283.

9. Ex parte McGee, 33 Or. 165, 54 P. 1091.

means. Such is not the purpose of the law.[10]

Appellant's second point is that, in view of his record the trial court should have committed him to the Alcoholic Clinic as a chronic alcoholic. This clinic authorized by Act of August 4, 1947; Code 1940, Supp. VII, § 24—501 et seq., has been in operation since February 16, 1950. As shown by report of its activities from that date to July 31, 1950, because of limited personnel, equipment and funds it is restricted in the number of patients which may be received and treated. We think the Act which provides that the court "may" order a defendant committed to the clinic clearly indicates that such commitment is generally a matter of discretion with the court.

Affirmed.

10. The Federal Poor Convict law, U.S.C.A. Title 18, § 3569, permits an indigent person committed in default of payment of fine to secure his release after thirty days. That law applies to one committed by the trial court under a "law of the United States" but does not apply to one committed under a local statute or ordinance. Green v. Peak, 62 App.D.C. 176, 65 F.2d 809. See also Vogel v. Wong, 6 Cir., 178 F.2d 327. There is no local poor convict act. Many states provide by statute that one committed in default of a fine shall serve time at a rate of a day per a specified number of dollars, such as a day for each $2 of the fine, but we have no such statute. There appears to be no uniform practice in the trial court in proportioning time to fine. In this case the sentence was $75 or 150 days. In the Savage case, supra, it was $10 or 10 days and $100 or 30 days; in the Anderson case, supra, $150 or 30 days; and in the Yeager case, $25 or 30 days. A defendant, having served part of his time and desiring his release, is credited with an amount equal to the proportion the time served bears to the whole time and is required to pay the balance. Code 1940, § 24—404.