John Copertino, J.
A petition pro se for a writ of habeas corpus, addressed to the Supreme Court of the State of New York, County of Suffolk, was forwarded by the clerk of the Supreme Court to the clerk of the County Court of Suffolk County. The original papers as submitted are entitled:
“ The People of the State of New York, ex rel. richard oambry creighton, Relator,
— against —
james cleary, Warden of the Suffolk County Jail,
Defendant.”
A writ was allowed May 26, 1972, by Hon. Ernest L. Signorelli returnable before this court June 1, 1972, and was adjourned to June 7, 1972.
This habeas corpus proceeding instituted by the defendant, pro se, is in fact for relief obtainable under CPL 440.20.
Accordingly, this proceeding is treated as an application pursuant to CPL 440.20 (Rules of the Supreme Ct., App. Div., 2d Dept., 22 NYCRR 683.1 [a] [1]).
*371 Defendant was charged with and convicted of eight counts of promoting gambling in the .second degree (Penal Law, § 225.05). On each of the eight counts he received a concurrent sentence of six months, and was also fined $1,000 on the first six counts, imprisonment in the county jail until such fine be paid not to exceed four months on each count. An extract of the clerk’s minutes correctly reflects the intention of the court when it states that “ Said six (6) month Jail sentences as to Counts 1-8 shall he served concurrently. The tour (4) month Jail sentences imposed in the event of a failure to pay the fines, as to Counts 1-6 shall he served consecutively to each other and to the six (6) month Jail sentences.” And the sentencing minutes indicate that the court stated: ‘6 All of the foregoing sentences are concurrent with respect to imprisonment in the County Jail. The fines, however, are not — The fines are not concurrent ”.
In his affidavit the defendant argues that the Sheriff has improperly calculated the term of imprisonment as 30 months. Defendant contends that inasmuch as he has been imprisoned since December 19,1971, he should have been released on May 7, 1972. It is'difficult to follow the reasoning of the defendant’s argument since he evidently believes that it was the Sheriff who imposed the consecutive sentences, and, thus, does not squarely argue that the sentences are illegal. There is no allegation that he is indigent, nor are there any facts submitted from which an inference of indigency may be drawn.
In opposition to the application, the District Attorney argues that the authorized period of incarceration was 8 years and, thus, the imposition of an additional 24-month period upon failure to pay the fines was an authorized disposition.
The authorized period of imprisonment for a class A misdemeanor is one year (Penal Law, § 70.15). Since the Court is empowered to impose consecutive sentences (Penal Law, § 70.25), the District Attorney is correct in his contention that the maximum authorized sentence was 8 years. However, this maximum period is limited by section 70.30 (subd. 2, par. [b]) of the Penal Law which provides, “ If the sentences run consecutively and are to he served in a single institution, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term, or by service of two years imprisonment plus any term imposed for an offense committed while the person is under the sentences, whichever is less ”. There is nothing in the wording of that section to invalidate any definite sentence where the aggregate term exceeds two *372 years, but the section merely imposes a self-executing limitation of two years on any such sentences.
The CPL authorizes imprisonment of a defendant who fails to pay a fine (CPL 420.10). Traditionally, this punishment has not been considered a part of the original sentence, but merely a means of enforcing payment of the fine (Matter of McKinney v. Hamilton, 282 N. Y. 393; People v. Saffore, 18 N Y 2d 101). Recent United States Supreme Court decisions have placed a restriction on that interpretation. In Williams v. Illinois (399 U. S. 235), the United States Supreme Court held that it was unconstitutional for an indigent defendant to be imprisoned for a period beyond the authorized maximum sentence for the crime charged merely because he was unable to pay the fine. In Tate v. Short (401 U. S., 395) the United States Supreme Court went further and held that it was unconstitutional to imprison an indigent for any period of time merely because he was unable to pay a fine. There is no allegation of indigency in this case, and we are not, therefore, faced with any constitutional problem. Only the limitations imposed by statute need be considered (People v. Gittelson, 18 N Y 2d 427).
New York has imposed a statutory limitation on imprisonment for nonpayment of fines which limitation applies to nonindigents and indigents alike. Under the statute, the maximum period of imprisonment for failure to pay a fine imposed on a misdemeanor is one third of the maximum authorized term of imprisonment for the misdemeanor (CPL 420.10, subd. 3, par. [b]). If the sentences on each count are considered separately, they fall within the statutory limitation. However, the statute imposes a further limitation upon the maximum period of incarceration permitted where a sentence of imprisonment as well as a fine is imposed. That limitation is contained in CPL 420.10 (subd. 3, par. [d]) which provides, “ Where a sentence of imprisonment as well as a fine is imposed, the aggregate of the period and the term of the sentence may not exceed the maximum authorized term of imprisonment.”
Again, if the sentences on each count are considered separately, there is no violation of this limitation. It is only when we consider the aggregate possible 30-month imprisonment in light of the 2-year maximum contained in section 70.30 of the Penal Law that any question arises. As noted, that section does not invalidate aggregate definite sentences in excess of two years, but merely imposes a self-executing limitation on the term of imprisonment which is to be enforced by the Sheriff.
Thus it is possible to interpret the sections to permit the imposition of a 30-month aggregate sentence, as the Sheriff *373 has allegedly done. However, in light of the clear intent of the statute that, where a sentence of imprisonment as well as a fine is imposed, the aggregate period should not exceed the maximum authorized term, the self-executing limitation of two years should also apply. Under this interpretation, the original sentence is not invalid and there is no necessity to resentence the defendant.
Accordingly, the motion is denied.
Inasmuch as defendant has not as yet filed his brief on the direct appeal from the judgment of conviction, he may — if he is so disposed — include a point urging that the sentence is invalid (CPL 440.20, subd. 2).
Submit order.