## (April 12, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN TETI, Appellant. — Appeal by defendant, as limited by his brief (A) from three judgments of the County Court, Nassau County, all rendered February 7, 1972, which: (1) under indictment 30,653 resentenced him to one year in the Nassau County Jail for violation of a sentence of probation that had been imposed March 30, 1971 on a youthful offender adjudication, (2) under indictment 32,143 convicted him of attempted burglary in the third degree (committed April 25, 1971), upon his plea of guilty, and sentenced him to one year in the Nassau County Jail and (3) under indictment 32,887 convicted him of criminal possession of a dangerous drug in the fourth degree, upon his plea of guilty, and sentenced him to one year in the Nassau County Jail, the three sentences imposed February 7, 1972 to run consecutively, with credit for time served, and (B) from the November 13, 1971 "denial" by that court "of his motion to withdraw his

pleas ". [His brief, however, refers to an appeal from the order dated October 13, 1972 which denied his motion for resentence.] Judgments affirmed. Appeal from the order dated October 13, 1972 dismissed. No appeal lies as of right from such an order (CPL 450.10). We construe our order of January 16, 1973 assigning counsel to defendant to prosecute this appeal as an order under CPL 460.30 (subd. 1) granting defendant an extension of time to appeal from the judgments of February 7, 1972, and thus validating the notice of appeal, dated November 14, 1972. While on this appeal it is admitted that the three February 7, 1972 sentences were imposed for separate and distinct crimes, committed on different dates, defendant nevertheless contends that the imposition of three consecutive sentences of one year in the Nassau County Jail is improper and that the judgments are invalid by reason of section 70.30 (subd. 2, par. [b]) of the Penal Law, which states: " § 70.30 Calculation of terms of imprisonment. * * * 2. Definite sentences. A definite sentence of imprisonment commences when the prisoner is received in the institution named in the commitment. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: * * * (b) If the sentences run consecutively and are to be served in a single institution, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term, or by service of two years imprisonment plus any term imposed for an offense committed while the person is under the sentences, whichever is less ". In our opinion, the limit upon the aggregate term of consecutive definite sentences provided by this section does not affect the authority of the courts to impose multiple sentences or govern the lengths of individual sentences (McKinney's Cons. Laws of N. Y., Book 39, Penal Law, Practice Commentary to section 70.30, p. 142). It is merely a direction to the correctional authorities as to how to compute the time which must be served under the sentences. The practical effect of section 70.30 in defendant's case is to direct the Sheriff to release him after serving two years, with credit for time served. The words "plus any term imposed for an offense committed while the person is under the sentences" refer to sentences of imprisonment and do not refer to sentences imposed for conviction of crimes committed while defendant was serving a sentence of probation. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.