■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ALOMA, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 21, 1982, convicting him of conspiracy in the fourth degree, upon his plea of guilty, and imposing a sentence of six months' imprisonment and a fine in the sum of $100,000. Judgment modified, on the law and the facts, by reducing the fine imposed to $70,000. As so modified, judgment affirmed and the case is remitted to the County Court for further proceedings pursuant to CPL 460.50 (subd 5). In our view, the court erred in imposing a fine of $100,000 upon the defendant. Subdivisions 1, 2 and 3 of section 80.00 of the Penal Law provide in pertinent part as follows: "§ 80.00 Fine for felony 1. A sentence to pay a fine for a felony shall be a sentence to pay an amount, fixed by the court, not exceeding the higher of a. five thousand dollars; or b. double the amount of the defendant's gain from the commission of the crime. 2. As used in this section the term 'gain' means the amount of money or the value of property derived from the commission of the crime, less the amount of money or the value of property returned to the victim of the crime or seized by or surrendered to lawful authority prior to the time sentence is imposed. 3. When the court imposes a fine for a felony pursuant to paragraph b of subdivision one of this section, the court shall make a finding as to the amount of the defendant's gain from the crime." The County Court determined that defendant realized a gain of $50,000 from the commission of the crime, and pursuant to section 80.00 of the Penal Law, imposed a fine of $100,000. However, defendant's counsel asserted at sentencing, and the record so indicates, that defendant realized a gain of only $35,000. Pursuant to section 80.00, the maximum authorized fine was only $70,000 and accordingly the judgment is modified by reducing the fine imposed to that amount. Defendant further contends that the trial court erred in failing to hold a hearing upon his ability to pay such a fine, and that the imposition of the fine without regard to his ability to pay violated the prohibition against excessive fines contained in both the Federal and State Constitutions. We disagree. At sentencing, defense counsel merely noted that it was "appropriate" for the court "to consider the defendant's ability to pay a fine" and stated in conclusory terms his belief that defendant did not have a "substantial amount of money". At no point, either before or after the imposition of sentence, was a request made by defendant or his counsel that a hearing

be held on his ability to pay a fine (cf. CPL 420.10, subd 4; *People v Ingham,* 115 Misc 2d 64). Accordingly, that argument was not preserved for appellate review (*People v Vidal,* 85 AD2d 701). We have reviewed defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.