■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BAKER, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Tisch, J.), imposed October 30, 1986, upon his conviction of operating a motor vehicle while under the influence of alcohol as a misdemeanor, upon his plea of guilty, the sentence being a term of imprisonment of one year, a fine of $350 or, as an alternative to the fine an additional 90-day jail sentence, and a surcharge of $10 or, as an alternative to the surcharge, an additional five-day jail sentence.

Ordered that the sentence is modified, on the law, by deleting the provisions thereof imposing, in the alternative, a 90-day jail term and a five-day jail term; as so modified, the sentence is affirmed.

The defendant was sentenced to the maximum term of imprisonment which could be imposed for the crime of operating a motor vehicle while under the influence of alcohol as a

misdemeanor (Vehicle and Traffic Law § 1192 [5]). Therefore, the imposition of a 90-day term of imprisonment as an alternative to the $350 fine and a five-day term of imprisonment as an alternative to the $10 surcharge was improper (CPL 420.10 [4] [d]; 420.35; see, People v Neff, 110 AD2d 721).

The defendant further contends on appeal that the $350 fine and the $10 surcharge should be vacated because of his indigency. Neither the defendant nor his defense counsel at any point either before or after sentencing requested a waiver of the mandatory surcharge (CPL 420.35; Vehicle and Traffic Law § 1809 [1]). Nor did they request a hearing on his ability to pay the fine or surcharge or object to the imposition of the fine on that basis. Accordingly, we find those arguments were not preserved for appellate review (People v Aloma, 92 AD2d 572). In any event, the sentencing court delayed payment of the fine and surcharge until December 1, 1987, and the defendant claimed in his motion papers that he had been promised a job with a construction firm upon his release from prison. Therefore, we perceive of no reason to vacate the fine and surcharge.

Lastly, the term of one year's imprisonment is not unduly harsh or excessive. During the more than one year intervening between entry of his guilty plea and imposition of sentence the defendant was given every opportunity to address his alcohol abuse problem. Indications in the probation report are that the defendant continued to abuse alcohol up until the date of his arrest on a warrant issued due to his failure to appear on a date scheduled for sentencing. Under the circumstances, the defendant is not an appropriate candidate for a probationary sentence and his criminal history and background demonstrate that the sentence imposed was not an abuse of discretion. We decline to substitute our discretion for that of the sentencing court. Mollen, P. J., Thompson, Lawrence and Spatt, JJ., concur.