OPINION OF THE COURT
Memorandum.
Judgments convicting defendant of aggravated unlicensed operation of a motor vehicle and sentencing defendant to concurrent terms of 180 days in jail and fines of $500 or, in the alternative, consecutive terms of 30 days unanimously modified, on the law, by deleting the provision thereof imposing a $500 fine or, in the alternative, a 30-day term of imprisonment and, as so modified, affirmed.
Judgments convicting defendant of operating an uninsured vehicle, speeding and failure to use a seat belt affirmed.
Defendant was originally charged with 17 various Vehicle and Traffic Law offenses. Defendant, represented by counsel, was permitted to plead guilty to seven of the charges in full satisfaction of all the pending charges. Insofar as is relevant to the appeal, defendant was sentenced on May 31, 1988 to concurrent terms of 180 days on each of three judgments convicting him of aggravated unlicensed operation of a motor vehicle. In addition, the court imposed a fine of $500 or 30 days in jail on each. Defendant indicated that he could not immediately pay the fines. The court, without objection, executed the sentences and imposed 30 days on each to be served consecutively to each other and the 180-day sentences. On June 24, 1988 defense counsel made an application for resentence requesting that defendant be given 60 days after he completed his term of imprisonment to pay the fines rather than have the additional terms added on.
Inasmuch as defendant was sentenced to the maximum period of incarceration (Vehicle and Traffic Law § 511 [2]) on each of the aggravated unlicensed operation of a motor vehicle convictions, the imposition of a 30-day jail sentence as an alternative to the fines was improper (CPL 420.10 [4] [d]; People v Neff, 110 AD2d 721). Under CPL 420.10, it makes no *986 difference whether the sentences are to be served consecutively or concurrently so long as the additional period of incarceration does not exceed one third of the maximum authorized term of imprisonment for a misdemeanor and the aggregate of the two does not exceed the maximum authorized term of imprisonment. While there is some authority for the proposition that the maximum authorized term of imprisonment for multiple counts is the possible maximum terms added consecutively (see, People v Creighton, 71 Misc 2d 370), we find that construction completely unpersuasive. CPL 420.10 (4) (d) specifically refers to the sentence in the singular not collective sense. It is clear that the limitations of the statute apply to each judgment of conviction regardless of whether defendant is sentenced upon one offense or a number of separate offenses in a consolidated proceeding. To interpret the statute as the People suggest would almost render the limitations of subdivision (4) meaningless as the People need only consolidate a number of separate charges for plea and sentencing, as herein, to avoid the explicit statutory limits.
Defendant claims that the court should have held an evidentiary hearing upon the application for resentence to determine his ability to pay the fines. Neither defendant nor his attorney objected at any point in the court below to the imposition of fines upon the basis of indigency. Nor did they request a hearing on his ability to pay the fine on that ground. Accordingly, the issue has not been preserved for appellate review (People v Baker, 130 AD2d 582; People v Aloma, 92 AD2d 572).
Although academic in this case, it should be noted that where a sentence provides that a defendant can be imprisoned for failure to pay a fine, the court must advise defendant that if he is unable to pay the fine, he has the right at any time to apply for resentencing (CPL 420.10 [3]).
DiPaola, P. J., Collins and Ingrassia, JJ., concur.