■ In the Matter of JUDAH SERFATY, on Behalf of THOMAS R. GALVIN, Appellant, v JOSEPH JABLONSKY, as Sheriff, Respondent. [653 NYS2d 371] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent to recalculate the petitioner's aggregate term of incarceration, the petitioner appeals from so much of a judgment of the Supreme Court, Nas-

sau County (Schmidt, J.), entered November 13, 1996, as, after a hearing, denied that branch of his petition which was to direct the respondent to reduce his aggregate term of incarceration to two years pursuant to Penal Law § 70.30 (2) (b). The notice of appeal from the decision dated September 20, 1996, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petition which was to direct the respondent to recalculate and reduce the petitioner's aggregate term of incarceration to two years pursuant to Penal Law § 70.30 (2) (b) is granted.

The petitioner was convicted of criminal contempt and resisting arrest. While housed in the Nassau County Correctional Facility, but prior to his sentencing on these convictions, the petitioner made harassing telephone calls from the facility. He was then sentenced to two consecutive one-year terms of imprisonment on his criminal contempt and resisting arrest convictions. Thereafter, he was convicted of aggravated harassment arising out of the telephone calls he made from the county facility, and was sentenced to a one-year term of incarceration, with that term to run consecutively to the sentences he was already serving. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78, *inter alia,* to challenge the determination of the respondent which calculated his aggregate term of incarceration as three years. The Supreme Court denied that branch of the petition, and we now reverse.

Penal Law § 70.30 (2) (b) governs in part the calculation of multiple definite sentences, and provides as follows: "If the sentences run consecutively and are to be served in a single institution, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term, or by service of two years imprisonment plus any term imposed for an offense *committed while the person is under the sentences,* whichever is less" (emphasis supplied).

It is undisputed that the petitioner had not yet been sentenced for his convictions of criminal contempt and resisting arrest at the time he committed the aggravated harassment for which he ultimately received an additional consecutive one-year term. Accordingly, he was not "under the sentences" (Penal Law § 70.30 [2] [b]) of the earlier convictions at that time and his aggregate period of incarceration for all of the convictions is limited to two years by the express terms of

the statute (*see generally, Matter of Kalamis v Smith*, 42 NY2d 191; *People v Teti*, 41 AD2d 841; *People v Creighton*, 71 Misc 2d 370). Under these circumstances, the petitioner's release date must be calculated based on a two-year aggregate term of incarceration. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.