In a proceeding, in effect, pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Neary, J.), entered December 21, 2012, which dismissed the proceeding.
Ordered that the judgment is reversed, on the law, without costs or disbursements, the writ is sustained, and upon receipt of a certified copy of this decision and order the Warden of the facility at which the petitioner is incarcerated, or his or her agent, is directed to immediately release the petitioner.
On October 24, 2011, the petitioner was convicted of two counts of petit larceny and one count of criminal possession of stolen property in the fifth degree, and was sentenced to definite terms of imprisonment of one year on each of his convictions of petit larceny, to run concurrently with each other, and a definite term of imprisonment of one year on his conviction of criminal possession of stolen property in the fifth degree, to run consecutively with the sentences imposed on his convictions for petit larceny. Thereafter, the petitioner was convicted of escape in the second degree and grand larceny in the fourth degree, *991 arising out of incidents occurring prior to his October 24, 2011, convictions. He was sentenced to a definite term of imprisonment of one year on each of those convictions, to run consecutively with each other and with the terms he was already serving. The respondents determined that the petitioner was entitled to a credit of 106 days for time served prior to the commencement of his sentences for his convictions of petit larceny and criminal possession of stolen property in the fifth degree. Additionally, they later granted the petitioner 486 days of good-time credit. However, they calculated his release date based on an aggregate period of incarceration of four years, resulting in a release date of October 24, 2013. In this proceeding, the petitioner contends that pursuant to Penal Law § 70.30 (2) (b), his aggregate period of incarceration can be no more than two years, resulting in a release date in November 2012. In the judgment on appeal the Supreme Court dismissed the proceeding.
Pursuant to Penal Law § 70.30 (2) (b), where a person is sentenced to serve multiple consecutive definite sentences in the same institution, and has committed no offense while under the sentences, “his aggregate period of incarceration for all of the convictions is limited to two years” (Matter of Serfaty v Jablonsky, 236 AD2d 413, 414 [1997]; see People v Teti, 41 AD2d 841, 842 [1973]). When the two-year limit on the aggregate term of consecutive definite sentences provided by this section applies, a person’s “release date must be calculated based on a two-year aggregate term of incarceration” (Matter of Serfaty v Jablonsky, 236 AD2d at 415 [emphasis added]). Any credit for time served or good-time credit must be applied against this two-year aggregate term (see Penal Law § 70.30 [3] [b]; [4] [b]; Matter of Serfaty v Jablonsky, 236 AD2d at 414; People v Teti, 41 AD2d at 842).
Applying the good-time credit the petitioner can use (see Penal law § 70.30 [4] [b]; Correction Law § 804 [2]), and his credit for time served, the petitioner’s release date has passed. Thus, he currently is being illegally detained and must be discharged forthwith.
In light of our determination, we need not reach the petitioner’s remaining contentions. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.