[2 NE3d 233, 979 NYS2d 269]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. RYAN, on Behalf of RICHARD SHAVER, Respondent, v KEVIN CHEVERKO, Commissioner of Westchester County Department of Correction, et al., Appellants.

Argued October 9, 2013; decided November 21, 2013

**POINTS OF COUNSEL**

*Robert F. Meehan, County Attorney*, White Plains (*Linda M. Trentacoste* and *James Castro-Blanco* of counsel), for appellants. I. The Second Department improperly interpreted and incorrectly applied Penal Law § 70.30. (*Carney v Philippone*, 1 NY3d 333; *People v Ditta*, 52 NY2d 657; *People v Sansanese*, 17 NY2d 302; *People v Hedgeman*, 70 NY2d 533; *People v Mills*, 11 NY3d 527; *Matter of Serfaty v Jablonsky*, 236 AD2d 413.) II. The Second Department abused its discretion by including language in its decision and order stating that appellants "illegally detained" Richard Shaver. (*Middleton v State of New York*, 54 AD2d 450; *Broughton v State of New York*, 37 NY2d 451.)

*John F. Ryan, Chief Attorney, Legal Aid Society of Westchester County*, White Plains (*Anne Bianchi* of counsel), for respondent. I. The legislative history and the rules of statutory construction make clear that the two-year period in Penal Law § 70.30 (2) (b) is the effective aggregate from which the jail time credit and good time credit should be subtracted. (*People v Mills*, 11 NY3d 527; *Matter of Roballo v Smith*, 99 AD2d 5, 63 NY2d 485; *Matter of Hawkins v Coughlin*, 72 NY2d 158; *People ex rel. Fancher v Wasser*, 244 AD2d 79; *People v Pugh*, 51 AD2d 1047; *People v Santi*, 3 NY3d 234.) II. The Appellate Division correctly found that Richard Shaver was illegally detained since the Department of Correction failed to follow controlling precedent and

held him in prison beyond his sentence. (*Matter of Serfaty v Jablonsky*, 236 AD2d 413.)

*Alfred O'Connor*, Albany, for New York State Defenders Association and another, amici curiae. The Appellate Division correctly held the two-year cap for consecutive definite sentences under Penal Law § 70.30 (2) (b) is an aggregate term of imprisonment from which jail time and good time credits are properly deducted. (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *People v Finley*, 10 NY3d 647; *People v Chiddick*, 8 NY3d 445; *People v Garson*, 6 NY3d 604; *People v Owusu*, 93 NY2d 398; *People v Feerick*, 93 NY2d 433; *People v Hedgeman*, 70 NY2d 533; *Stapf v United States*, 367 F2d 326; *Matter of Guido v Goord*, 1 NY3d 345.)

*Alexander M. Wilson*, Albany, for New York State Sheriff's Association, amicus curiae. The Appellate Division incorrectly ruled that respondent's jail time and good time credit should be applied to the statutory limit of his incarceration as opposed to the aggregate term to which he was sentenced and, as such, respondent's continued incarceration was legal and appropriate. (*Matter of Serfaty v Jablonsky*, 236 AD2d 413; *People v Teti*, 41 AD2d 841; *Ellsworth v City of Gloversville*, 269 AD2d 654; *Holmberg v County of Albany*, 291 AD2d 610; *Lavigne v Allen*, 36 AD2d 981; *Douglas v State of New York*, 269 App Div 521, 296 NY 530.)

### OPINION OF THE COURT

ABDUS-SALAAM, J.

We hold that, when Penal Law § 70.30 (2) (b) limits consecutive definite sentences to an aggregate term of two years' imprisonment, jail time credit and good time credit should be deducted from that two-year aggregate term rather than the aggregate term imposed by the sentencing court.

On October 24, 2011, petitioner Richard Shaver was convicted of two counts of petit larceny and one count of criminal possession of stolen property in the fifth degree. He was sentenced to a one-year definite term of imprisonment for each of his petit larceny convictions, imposed to run concurrently, plus a third one-year definite term of imprisonment for his stolen property conviction, imposed to run consecutively to his other sentences. On June 12, 2012, petitioner was convicted of one count of escape in the second degree and one count of grand larceny in the fourth degree for incidents that occurred prior to his October 2011 convictions. He was sentenced to a one-year term

of imprisonment for each conviction, imposed to run consecutively with each other and with the prior sentences. In all, petitioner was sentenced to five definite one-year terms of imprisonment, four of which were imposed to run consecutively. All sentences were to be served at the Westchester County Jail.

To calculate petitioner's consecutive definite sentences, respondents Commissioner of the Westchester County Department of Correction and the Warden of Westchester County Jail employed Penal Law § 70.30 (2) (b), which states in pertinent part:

> "If the sentences run consecutively and are to be served in a single institution, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term, or by service of two years imprisonment plus any term imposed for an offense committed while the person is under the sentences, whichever is less."

Pursuant to this statute, respondents added petitioner's definite sentences to arrive at an aggregate term of four years, or 1,460 days. Respondents awarded petitioner 106 days of jail time credit (for time served prior to the commencement of his October 2011 sentences) as well as 486 days of good time credit. They then applied these credits against petitioner's court-imposed aggregate term of imprisonment, reducing it from 1,460 days to 868 days. Because this 868-day term was longer than "two years imprisonment" (Penal Law § 70.30 [2] [b]), respondents adjusted petitioner's discharge date to October 24, 2013—exactly two years from the date his sentences commenced.

Petitioner filed a CPLR article 78 petition seeking to compel respondents to recalculate his sentence by applying his jail time and good time credits against the two-year term imposed under Penal Law § 70.30 (2) (b). Supreme Court denied the petition and dismissed the proceeding, stating that petitioner's proposed recalculation was not supported by the "plain language" of section 70.30 (2) (b) or any other authority.

The Appellate Division, among other things, reversed the Supreme Court judgment and ordered petitioner's immediate release from Westchester County Jail. Relying on its decision in *Matter of Serfaty v Jablonsky* (236 AD2d 413, 414 [2d Dept 1997]), the court held that, "[w]hen the two-year limit on the aggregate term of consecutive definite sentences provided by [Penal Law § 70.30 (2) (b)] applies, a person's release date must

be calculated *based on* a two-year aggregate term of incarceration," and any jail time or good time credits must therefore "be applied against this two-year aggregate term" (102 AD3d 990, 991 [2d Dept 2013] [internal quotation marks omitted]). We agree and we now affirm.

Penal Law § 70.30 (2) governs the calculation of multiple definite sentences. The statute "does not affect the authority of the courts to impose multiple sentences or govern the lengths of individual sentences" but instead it provides "direction to the correctional authorities as to how to compute the time which must be served under the sentences" (*People v Teti*, 41 AD2d 841, 842 [2d Dept 1973] [citation omitted]; *see also People v Moore*, 61 NY2d 575, 578 [1984]; William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.30 at 245).

Section 70.30 (2) (b) places a two-year limit on the term of consecutive definite sentences served at a single institution by a person who has committed no offense while under the sentences.[1] The Temporary Commission on Revision of the Penal Law and Criminal Code, which drafted identical language for a predecessor statute, indicated that the two-year limit was intended as an "aggregate term" that effectively replaces a court-imposed aggregate term exceeding two years (*see* Commission Staff Notes on the Proposed New York Penal Law § 30.30 [renum § 70.30], reprinted in 1982-1983 Gilbert Criminal Law and Procedure at 2A-30 [stating that "(p)aragraph (b) . . . provides a limitation upon the aggregate term of consecutive definite sentences" and that "(t)he proposed law limits the aggregate term (to) two years"]). Thus, the statute does not require that a prisoner serve exactly "two years imprisonment" whenever the two-year limit applies (Penal Law § 70.30 [2] [b]), as respondents contend. Rather, it directs correctional authorities to calculate the sentences "based on a two-year aggregate term of incarceration" (*Matter of Serfaty*, 236 AD2d at 415; *see also Teti*, 41 AD2d at 841; *People v Matthews*, 73 Misc 2d 643, 644-645 [Crim Ct, NY County 1973]).

Having determined that Penal Law § 70.30 (2) (b) imposes a two-year aggregate term of imprisonment, we turn to whether this two-year aggregate term may be reduced by jail time and

---

1. Penal Law § 70.30 (2) (d) similarly limits consecutive definite sentences served in multiple institutions to an "aggregate" term that "shall not exceed two years."

good time credit a prisoner has earned while incarcerated.[2] Penal Law § 70.30 (3) (b) and (4) (b) provide that, where a prisoner is serving consecutive definite sentences, jail time and good time credit must be applied against the prisoner's *aggregate term* of imprisonment (*see* Penal Law § 70.30 [3] [b]; [4] [b]), although good time credit may not exceed one-third of that aggregate term (*see id.* at [4] [b]; Correction Law § 804 [1]).

Considering these directives together with section 70.30 (2) (b), it follows that, in cases where the two-year limit on consecutive definite sentences applies, jail time and good time credit must be applied against the two-year aggregate term rather than the aggregate term imposed by the sentencing court. Under such circumstances, correctional authorities should calculate the time to be served under the sentences by reducing the two-year aggregate term by the available jail time credit and any good time credit that does not exceed 243 days (or one-third of the two-year aggregate term) (*see* Penal Law § 70.30 [3] [b]; [4] [b]). Applying this rule here, respondents should have subtracted petitioner's 106 days of jail time credit and 243 days of usable good time credit from the two-year aggregate term to arrive at a total prison term of 381 days.

Respondents argue that prisoners will receive a windfall if their consecutive definite sentences, already capped at two years, are further reduced by the application of jail time and good time credit. Respondents claim that the legislature did not desire this result. Yet, the legislative history of Penal Law § 70.30 (2) (b) indicates that the statute was intended to impose a two-year aggregate term (*see* Commission Staff Notes, 1982-1983 Gilbert Criminal Law and Procedure at 2A-30), which may be diminished to reflect a prisoner's jail time and good time credit (*see* Penal Law § 70.30 [3] [b]; [4] [b]). This rule aligns with the computation rules for consecutive indeterminate and determinate sentences, which impose statutory caps on a prisoner's aggregate maximum term (*see* Penal Law § 70.30 [1] [b], [c], [d], [e], [f]) and require that jail time and good time credit be applied against that aggregate maximum term (*see id.*

---

**2.** Jail time credit accounts for the time the prisoner was incarcerated prior to commencement of the sentence or sentences by "diminish[ing]" the remaining time to be served under that sentence (Penal Law § 70.30 [3]), while good time credit reflects any "discretionary reductions" in the term awarded for a prisoner's "good behavior and efficient and willing performance of duties" while incarcerated (Correction Law § 804 [1]).

at [3] [b]; [4] [b]; Correction Law § 803 [2] [b], [d], [f]). Nothing in Penal Law § 70.30 (2) (b) indicates that the two-year aggregate term should be exempt from these deductions.

Respondents also fail to recognize that their method of calculating sentences under section 70.30 (2) (b) creates unnecessary disparities among prisoners. Respondents claim that jail time and good time credit should be withheld whenever the statute's two-year aggregate term applies. Such a rule would unfairly disadvantage pretrial detainees by causing them to serve longer terms of imprisonment than otherwise identically-situated inmates who were released pretrial. While the detainees must serve presentence jail time *in addition to* the two-year aggregate term of imprisonment, persons who are able to make bail or otherwise avoid pretrial detention would serve only the two-year term and nothing more. We decline to interpret Penal Law § 70.30 (2) (b) as creating this disparity when the statute may be applied evenhandedly by deducting jail time credit from the two-year aggregate term.

With respect to good time credit, Correction Law § 804 (1) provides that *"[e]very person* confined in an institution serving a definite sentence of imprisonment may receive time allowances as discretionary reductions of the term of his sentence" (emphasis added). Although not every prisoner *will* earn good time credit—which, unlike jail time credit, is awarded on a discretionary basis—every prisoner who *earns* the credit is entitled to benefit from it (*see id.*), even a prisoner serving a two-year aggregate term under Penal Law § 70.30 (2) (b). The legislature already limited good time credit to one-third of the aggregate term (*see id.*; Penal Law § 70.30 [4] [b]), and we need not overextend that limitation by completely denying good time credit to a certain category of prisoners, as respondents invite us to do.

Finally, good time credit offers the prospect of a shorter sentence and, thus, serves as an incentive for prisoners not just to behave according to the rules of the correctional facility, but to excel in its rehabilitative programs and meaningfully prepare to reenter society (*see e.g.* Correction Law § 804 [1]). We reject respondents' erroneous interpretation of Penal Law § 70.30 (2) (b) because it would remove this incentive.

Accordingly, the order of the Appellate Division should be affirmed without costs.[3]

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

Order affirmed, without costs.

---

**3.** In so holding, we do not imply that respondents may be held civilly liable for detaining petitioner beyond the expiration of his sentence. A false imprisonment claim raises a number of issues that are not before us.