■ The People of the State of New York, Respondent, v Daniel W. DePerno, Appellant. [51 NYS3d 641]—

Clark, J. Appeal, by permission, from an order of the County Court of Cortland County (Campbell, J.), entered January 29, 2015, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.

In 2010, defendant pleaded guilty to criminal sexual act in the second degree, rape in the second degree and rape in the third degree in satisfaction of, among other things, a 31-count indictment. County Court sentenced defendant, in accordance with the plea agreement, to an aggregate prison term of 10 years, followed by 10 years of postrelease supervision. The court also issued an order of protection in favor of the victim for the maximum period permitted by law. Upon defendant's appeal, which challenged only his sentence, this Court determined that the imposed sentences were illegal because, at the time that defendant committed the crimes, the relevant statutes provided for indeterminate sentences, rather than determinate sentences, and did not authorize postrelease supervision (92 AD3d 1089, 1090 [2012]). Following remittal, County Court resentenced defendant to an aggregate prison term of 6 to 18 years, as requested by the People, and reissued an order of protection for the maximum period permitted by law. Defendant appealed, and this Court, finding that County Court violated double jeopardy principles when it imposed on defendant an aggregate sentence with a maximum of more than 10 years in prison, modified the resentence to an ag-

gregate maximum of 10 years in prison (111 AD3d 1058, 1059 [2013]).

Defendant thereafter moved pro se pursuant to CPL 440.10 to vacate the judgment of conviction and pursuant to CPL 440.20 to set aside the sentence. County Court denied the motion without a hearing. With the permission of this Court, defendant now appeals from the order denying his CPL article 440 motion.

We are unpersuaded by defendant's contention that his CPL article 440 motion was improperly denied without a hearing. To the extent that the motion is premised upon defendant's claims of actual innocence given the alleged newly discovered evidence regarding the age of the victim, we note that "vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt *after trial* and defendant's plea of guilty therefore foreclosed relief upon this ground" (*People v Larock*, 139 AD3d 1241, 1243 [2016] [internal quotation marks, brackets and citation omitted], *lv denied* 28 NY3d 932 [2016]; *see People v Philips*, 30 AD3d 621, 622 [2006], *lv denied* 8 NY3d 949 [2007]). Defendant also asserts that his claims of ineffective assistance of counsel, specifically misinformation pertaining to his maximum sentencing exposure and the failure to advise him that the maximum aggregate sentence would be reduced by operation of law, were sufficient to raise questions regarding the voluntariness of the plea so as to require a hearing. As information regarding the maximum sentencing exposure appears on the face of the record and no additional background facts are necessary to develop further information, the issue should have been raised on direct appeal and not by way of a CPL 440.10 motion (*see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Hillriegel*, 78 AD3d 1381, 1382 [2010]). In any event, "[t]hat the defendant allegedly received inaccurate information regarding his possible sentence exposure is [a] factor which must be considered by the court, but it is not, in and of itself, dispositive" (*People v Garcia*, 92 NY2d 869, 870 [1998]; *see People v Mack*, 140 AD3d 791, 792 [2016], *lv denied* 28 NY3d 933 [2016]). In addition, defendant declined the opportunity to withdraw his plea when the matter was remitted for resentencing. Turning to the statutory calculation of the sentence by operation of law, we note that Penal Law § 70.30, which provides for the calculation of the sentence, " 'does not affect the authority of the courts to impose multiple sentences or govern the lengths of individual sentences' but instead it provides 'direction to the correctional authorities as to how to

compute the time which must be served under the sentences'" (*People ex rel. Ryan v Cheverko*, 22 NY3d 132, 136 [2013], quoting *People v Teti*, 41 AD2d 841, 842 [1973]). The failure to inform defendant of such calculations—which is done by correctional authorities—does not render the plea involuntary.

With regard to defendant's assertion that he was coerced into pleading guilty to spare the prosecution of his wife and mother on unrelated charges involving the victim, it is well settled that "so long as the plea agreement is voluntarily, knowingly and intelligently made, the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to a third person does not, by itself, make defendant's plea illegal" (*People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). Further, "inclusion of a third-party benefit in a plea bargain is simply one factor for a [trial] court to weigh in making the overall determination whether the plea is voluntarily entered" (*id.* at 545; *see People v Farnsworth*, 140 AD3d 1538, 1540 [2016]). Here, the inclusion of such term in the plea agreement appears on the face of the record and, therefore, is not subject to CPL article 440 relief as it should have been raised on direct appeal (*see People v Dickson-Eason*, 143 AD3d 1013, 1015 [2016], *lv denied* 28 NY3d 1123 [2016]). To the extent that defendant asserts actual innocence, his submissions belie any factual innocence (*see People v Larock*, 139 AD3d at 1244).

Finally, pursuant to CPL 440.20, defendant challenges as illegal the expiration date of the permanent order of protection, as the expiration date should be in accordance with the resentence that was modified on appeal. As the permanent order of protection is not part of the sentence, corrective action pursuant to CPL 440.20 is inapplicable (*see People v Nieves*, 2 NY3d 310, 316 [2004]; *People v Crowley*, 34 AD3d 866, 867 [2006], *lv denied* 7 NY3d 924 [2006]).* Defendant's remaining contentions are unpersuasive.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur. Ordered that the order is affirmed.

---

* "'[B]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice—and best use of judicial resources—is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary'" (*People v Gardner*, 129 AD3d 1386, 1388 n 2 [2015], quoting *People v Nieves*, 2 NY3d at 317).