People v Murray (2019 NY Slip Op 06710)





People v Murray


2019 NY Slip Op 06710


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9870 2444/12

[*1]The People of the State of New York, Respondent,
v
Steven Murray, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered November 2, 2015, as amended February 7, 2018, convicting defendant, upon his plea of guilty, of murder in the second degree, attempted murder in the first degree (two counts), attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 35 years to life, unanimously affirmed.
Defendant has not demonstrated that his plea was rendered involuntary by alleged misinformation about his sentencing exposure in the event of a conviction after trial. Defendant was correctly informed of the maximum aggregate sentence he could receive even if he established the affirmative defense of extreme emotional defense as to all applicable counts. Although the court did not specifically explain the limitation, by operation of law, of the maximum sentence in that situation to 50 years (see Penal Law § 70.30[1][e][vi]), this did not render the plea involuntary (see People v DePerno, 148 AD3d 1463, 1465 [3d Dept 2017], lv denied 29 NY3d 1030 [2017]). In any event, to the extent defendant could be viewed as having received inaccurate information concerning his possible sentence exposure, that factor "is not, in and of itself, dispositive" regarding the voluntariness of a plea (People v Garcia, 92 NY2d 869, 870 [1998]). Under the totality of circumstances, we conclude that the alleged misinformation could not have influenced defendant's decision to plead guilty (see id.; see also Hill v Lockhart, 474 US 52, 59-60 [1985]). These circumstances included the strength of the People's case, the numerous counts involving multiple victims, the weakness of the evidence supporting the affirmative defense, and the reasonableness of the court's promised sentence, which was offered over the People's objection.
Defendant's related claim of ineffective assistance regarding his counsel's alleged failure to advise him of the above-cited 50-year limitation is unreviewable on direct appeal because it involves matters outside the record regarding the full extent of counsel's sentencing advice. Although defendant made a CPL 440.10 motion, it was denied and defendant did not seek leave to appeal. Accordingly, the merits of this claim may not be addressed on direct appeal. In the alternative, to the extent the existing record permits review, we find, for the reasons already discussed, that defendant has not established that he was prejudiced by the alleged misadvice.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [*2][2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK