People v Sanfilippo (2025 NY Slip Op 01239)

People v Sanfilippo

2025 NY Slip Op 01239

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2018-01846
2018-01847
2018-01848
2018-01849
2018-02085
2018-02086
2018-02087
 (Ind. No. 126/17; S.C.I. Nos. 291/17, 292/17, 293/17, 294/17, 295/17, 296/17)

[*1]The People of the State of New York, respondent,
v
Michael J. Sanfilippo, appellant.

Margaret M. Walker, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from seven judgments of the County Court, Dutchess County (Edward T. McLoughlin, J.), all rendered January 19, 2018, convicting him of robbery in the first degree (three counts) under Indictment No. 126/17, burglary in the third degree under Superior Court Information No. 291/17, criminal possession of stolen property in the third degree under Superior Court Information No. 292/17, burglary in the third degree under Superior Court Information No. 293/17, grand larceny in the third degree under Superior Court Information No. 294/17, burglary in the third degree under Superior Court Information No. 295/17, and burglary in the third degree under Superior Court Information No. 296/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not entered voluntarily because the County Court did not accurately advise him of his maximum potential sentencing exposure is unpreserved for appellate review (see CPL 470.05[2]; People v Davis, 186 AD3d 852; People v Leasure, 177 AD3d 770, 772). In any event, this contention is without merit. The court accurately advised the defendant of his maximum sentencing exposure were he to have been convicted after trial on every count, and if the court were to have imposed consecutive sentences. Penal Law § 70.30(1) governs the calculation of multiple determinate and indeterminate sentences. "The statute does not affect the authority of the courts to impose multiple sentences or govern the lengths of individual sentences but instead it provides direction to the correctional authorities as to how to compute the time which must be served under the sentences" (People ex rel. Ryan v Cheverko, 22 NY3d 132, 136 [internal quotation marks omitted]). That the court did not advise the defendant as to how correctional authorities would compute multiple maximum consecutive [*2]sentences did not render the defendant's pleas involuntary (see People v Leasure, 177 AD3d at 772; People v DePerno, 148 AD3d 1463, 1464-1465).
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court